STEPHANO FERRARO, Respondent, *v.* MARRILLARD BUILDERS, INC., Appellant, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK, Defendant.

Second Department, December 23, 1929.

*Aaron Powsner*, for the appellant.

*Benjamin H. Berman* [*Emanuel Levy* with him on the brief], for the respondent.

YOUNG, J. The action is brought to foreclose a mortgage for $13,000 upon property in Lynbrook. The complaint is in the usual form, and alleges a default in the payment of interest due April 1, 1929, and an election by plaintiff to declare the entire amount of the bond and mortgage due.

The answer denies that $13,000, principal secured by the mortgage, is now due with interest, etc. It also " denies the allegation * * * ' that no other action or proceeding is now pending at law for the recovery of the sum secured by the bond and mortgage or any part thereof.' " For a first separate defense, the answer alleges that there is another action pending for the recovery of the principal sum of the bond and mortgage, and that such action was brought and is being maintained without leave of the court. For a second defense it is alleged that the bond and mortgage in question is a purchase-money bond and mortgage delivered simultaneously with a full covenant and warranty deed to the premises described in the complaint; that such deed contained a covenant that the appellant should quietly enjoy the said premises; that plaintiff has failed, neglected and refused, and still fails, neglects and refuses, to permit and allow the appellant to so quietly enjoy the premises in accordance with the said covenant, " but on the contrary, and in violation of same prohibited, disallowed, interfered with and caused to be interfered with the quiet enjoyment of the aforesaid premises by the defendant, Marrillard Builders, Inc." The same allegations are set up by way of counterclaim, and damages of $4,016.73 are claimed.

The plaintiff moved to strike out the denials contained in the answer as sham, untrue and insufficient in law; also the first and second defenses as sham and insufficient, and also to dismiss the counterclaim on the ground that it did not state facts sufficient to constitute a counterclaim against plaintiff, and is not a proper counterclaim in the action. In support of this motion, plaintiff submitted an affidavit in which it is alleged that, although the appellant admitted the execution and delivery of the mortgage, and its default, it denied that the amount of said mortgage was due; that the action referred to in the first defense is for waste and against different defendants from those named in this action. A copy of the complaint in the other action referred to is annexed to this affidavit and shows that the action is brought against two defendants other than the appellant for waste resulting from

the demolition of a building on the property, and $10,000 damages are asked.

In opposition to the motion, the appellant submitted an affidavit of its attorney in which it is alleged that it is proper to deny that the amount alleged in the complaint is due because, in connection with that denial, a separate defense is interposed that another action is pending, etc.; that, therefore, the defense is not sham or frivolous.

The learned county judge granted the plaintiff's motion and made the order appealed from.

The denial that the mortgage is due is plainly frivolous. Appellant admitted its default, and, therefore, under the terms of the mortgage, the amount thereof was due, and this could not be denied simply because the appellant had some other defense avoiding its default.

The second defense and the counterclaim are also insufficient. Appellant contends that a defense of a breach of covenant in a deed interposed in a foreclosure action on a bond and mortgage arising out of the same transaction is a good defense and counterclaim, but appellant has attempted to set up a breach of a covenant of quiet enjoyment without alleging any facts to support the breach. The allegation contained in the 6th paragraph of the answer and also in the 9th paragraph, that plaintiff has failed, etc., to allow the appellant to quietly enjoy the premises and has prohibited, interfered with, etc., such quiet enjoyment, states merely a conclusion.

The denial of the allegation that no other action is pending, together with the first defense that there is another action pending, presents a somewhat novel question. Plaintiff alleges in his affidavit, and it is nowhere denied, that the action referred to in the answer is not an action to recover the mortgage debt, but an action for waste committed by parties other than the defendant. Both the appellant and the respondent refer to section 1078 of the Civil Practice Act which provides that, while an action to foreclose a mortgage is pending or after a final judgment for plaintiff, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought. Respondent claims that the action for waste was commenced before the institution of the foreclosure action, and that, therefore, section 1078 (*supra*) has no application. It should be noted, however, that this section provides that no other action shall be commenced " or maintained " without leave of the court.

Rule 255, however, provides that the complaint in an action to

foreclose a mortgage must state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part thereof has been collected. I think, therefore, that this rule, rather than section 1078 (*supra*), applies to the situation presented on this appeal. The only question to be determined is whether this action for waste is or is not an action to recover the mortgage debt or some part thereof. Plainly it is not, on its face. An action for waste is not an action for debt. On the other hand, can both actions be maintained simultaneously? A recovery by plaintiff in this action may result in the full payment from the proceeds of sale of the entire amount of plaintiff's mortgage. Plaintiff would not then be allowed a recovery in the action for waste. But with this point the appellant can have no concern, since it is not a party to the action for waste. On the other hand, if plaintiff should succeed in recovering damages in the action for waste, before the sale of the premises in the foreclosure action, such damages would, of course, be applicable to the payment of the mortgage *pro tanto*. The appellant, therefore, is interested in the action for waste. The whole difficulty, in my opinion, arises through plaintiff's misapprehension of his right to maintain this action for waste at this time. He cites several cases to support the proposition that an action for waste will lie by a mortgagee against a stranger; but, in all of these cases, no action for waste was brought until after judgment for foreclosure, sale of the property, and a deficiency judgment, so that the exact amount of the damage resulting to plaintiff's security had been ascertained. Here, plaintiff sues strangers for $10,000 for waste, and also, simultaneously, seeks in this action foreclosure of the property. In my opinion, this cannot be done, although I find no authority presenting the precise question. Plaintiff's action for waste, in my opinion, is, therefore, premature. The defendants in that action, of course, may interpose this as a defense, or may move to dismiss the complaint as insufficient, but no such procedure is available to the appellant. The action for waste is not an action to recover the mortgage debt within either section 1078 of the Civil Practice Act or rule 255 of the Rules of Civil Practice, and its pendency is not a defense to this action.

The appellant, however, should have an opportunity to amend its answer so as to allege facts showing a proper defense and counterclaim for the breach of the covenant of quiet enjoyment, if such facts exist.

The order of the County Court of Nassau county should, therefore, be modified by granting appellant leave to serve an amended answer within ten days after service of a copy of the order to be

entered upon this decision, with notice of entry, on payment of costs, and as so modified affirmed, with ten dollars costs and disbursements to respondent.

LAZANSKY, P. J., RICH, SEEGER and SCUDDER, JJ., concur.

Order of the County Court of Nassau county modified by granting appellant leave to serve an amended answer within ten days after service of a copy of the order to be entered upon this decision, with notice of entry, on payment of costs, and as so modified affirmed, with ten dollars costs and disbursements to respondent.