LENA ORKIN, Respondent, v. LESTER M. WILSON and FRED WOLF, Appellants. ABE ORKIN, Respondent, v. LESTER M. WILSON and FRED WOLF, Appellants.— Plaintiff Lena Orkin sued to recover damages for personal injuries sustained as the result of a collision between the automobile in which she was riding, owned by defendant Wolf, and the automobile owned by defendant Wilson. Plaintiff Abe Orkin, her husband, sued to recover for medical expenses and loss of services. On appeal by defendant Wilson, order setting aside verdict in his favor and granting a new trial affirmed, with costs. No opinion. Lazansky, P. J., Young, Hagarty and Johnston, JJ., concur. Davis, J., dissents and votes for reversal on the ground that it was clearly a question of fact as to the negligence of defendant Wilson, with the preponderance of the evidence in his favor. Under the circumstances the verdict should stand. (*Dashnau* v. *City of Oswego*, 204 App. Div. 189, 192; *Leversee* v. *Neidermyer*, 219 id. 214.) On appeal by defendant Wolf, order setting aside verdict in his favor and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant, v. MOSLER SAFE CO., INC., Respondent.— In an action to recover damages for waste committed by the defendant upon premises covered by plaintiff's mortgage, order and judgment dismissing the complaint on the ground that it failed to state a cause of action reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer the complaint in twenty days after the entry of the order upon this decision. In our opinion, an action may be maintained by plaintiff, as mortgagee of the premises in question, for waste committed by the defendant by which the mortgage security was impaired, without alleging the foreclosure and sale of the mortgaged property or a deficiency judgment. The statement to the contrary in the opinion of this court in *Ferraro* v. *Marrillard Builders, Inc.* (227 App. Div. 448) was unnecessary to the decision in that case and does not correctly state the law on the subject. Young, Hagarty, Carswell and Johnston, JJ., concur; Lazansky, P. J., not voting.

CHARLES H. REED, Respondent, v. LILLIAN REED, Appellant.— Upon an appeal from an interlocutory judgment of divorce in favor of the plaintiff on the ground of adultery of the defendant, interlocutory judgment modified by striking therefrom the provision that there are only two living issue of the marriage between the plaintiff, Charles H. Reed, and the defendant, Lillian, to wit, John Walter Reed and Charles H. Reed, Jr., and no other, and by striking out the second finding of fact; and, as so modified, the interlocutory judgment is unanimously affirmed, without costs. There is no allegation in the complaint as to the legitimacy of the defendant's child Lillian and the amendment allowed upon the trial was merely to conform the pleading to the proof and made no reference to the question of legitimacy of Lillian. Furthermore, the proof adduced upon that subject was insufficient to sustain the second finding of fact contained in the decision and the provision contained in the interlocutory judgment which, in effect, finds and adjudges the illegitimacy of Lillian. Present — Young, Hagarty, Davis and Johnston, JJ.; Lazansky, P. J., not voting.