SYRACUSE SAVINGS BANK, Plaintiff, *v.* ONONDAGA SILK COMPANY, INC., Defendant.

Supreme Court, Onondaga County, August 21, 1939.

*Hiscock, Cowie, Bruce & Lee*, for the plaintiff.

*W. E. McClusky*, for the defendant.

KIMBALL, J. The defendant has moved for a dismissal of the complaint under rule 106 of the Rules of Civil Practice. The grounds stated are that the court has no jurisdiction and that the complaint does not state facts sufficient to constitute a cause of action.

The plaintiff is the holder of certain mortgages which are liens upon real property owned by the defendant. The mortgages were given by the defendant's predecessors in title and were assumed by the defendant. They are past due and have not been paid although demand for payment has been made. The defendant has not defaulted in payment of the interest and taxes, so that neither an action for foreclosure of the mortgages nor an action on the bonds is available to the plaintiff, by reason of the so-called moratorium statutes (Civ. Prac. Act, §§ 1077-a *et seq.*).

The complaint alleges that both voluntary waste and permissive waste were committed by the defendant, and the action is brought to recover damages for such waste on the ground that the security of the mortgages has been impaired. There is no allegation in the complaint of insolvency of the defendant.

This action is not strictly an action for waste such as comes within the provisions of article 16 (§§ 520–536) of the Real Property Law. The interest of the mortgagee in the property is a contingent interest. In *Hoolihan* v. *Hoolihan* (193 N. Y. 197) it was said: " In this State the Code of Civil Procedure (§§ 1651–1659) now embodies the law governing actions for waste." The above-mentioned sections of the Code of Civil Procedure are now found in article 16 of the Real Property Law.

The cause of action alleged in the complaint is for the impairment of the security of the mortgages and was formerly called an action on the case in the nature of waste. Such an action, whether against a mortgagor, a stranger, or other person seems to have been of ancient origin and came into use by reason of the exigencies of the particular set of circumstances, the law not being without a remedy for a wrong. In any case, such an action has been recognized in this State since the decision in *Van Pelt* v. *McGraw* (4 N. Y. 110) in 1850. In that case the court said in part: " The defendant McGraw, in this case, came into the possession of the land subject to the mortgage. The rights of the holder of the mortgage were therefore paramount to his rights, and any attempt

on his part to impair the mortgage as a security, was a violation of the plaintiff's rights. * * * Now this action is not based upon the assumption that the plaintiff's land has been injured, but that his mortgage as a security has been impaired. His damages, therefore, would be limited to the amount of injury to the mortgage, however great the injury to the land might be. It could, therefore, be of no consequence whether the injury occurred before or after forfeiture of the mortgage. The action is clearly maintainable."

The decision in *Van Pelt* v. *McGraw* has been followed and recognized since that time. (*Morgan* v. *Waters*, 122 App. Div. 340; *Ogden Lumber Co.* v. *Busse*, 92 id. 143; *Cottle* v. *Wright*, 140 Misc. 373.)

But it is argued by the defendant that, conceding the plaintiff might have an injunction to prevent waste or, in an action to foreclose, might have its damages assessed for past waste, yet the action now brought is premature; that the action sanctioned in *Van Pelt* v. *McGraw* may not be maintained as an action independent of one for injunctive relief or for foreclosure, and even then possibly not until a sale of the property. It is true that most of the cases where the relief now asked was held to be proper were cases for foreclosure of the mortgage, for an injunction or where a sale in foreclosure had previously been had. I do not find that the question has been passed upon in this State in any action by a mortgagee against a mortgagor or his grantee, but it has been passed upon in an action by a mortgagee against a stranger. In *Ferraro* v. *Weisman* (136 Misc. 61), without citation of authorities, the court held that the complaint stated a cause of action, and said: " The matter thus alleged constitutes a wrong for which the law affords a remedy irrespective of the solvency or insolvency of the mortgagor." Subsequently, the plaintiff in that case commenced an action to foreclose his mortgage. One defense interposed was that there was another action pending. The court said (*Ferraro* v. *Marrillard Builders, Inc.*, 227 App. Div. 448): " The only question to be determined is whether this action for waste is or is not an action to recover the mortgage debt or some part thereof. Plainly it is not, on its face. An action for waste is not an action for debt." As a dictum, the court further said: " Plaintiff's action for waste, in my opinion, is, therefore, premature." The dictum was not necessary to the decision of the question at issue.

In *President & Directors of Manhattan Co.* v. *Mosler Safe Co., Inc.* (246 App. Div. 785), the action was by a mortgagee against a stranger for waste. The memorandum of the court states: " In our opinion, an action may be maintained by plaintiff, as mortgagee

of the premises in question, for waste committed by the defendant by which the mortgage security was impaired, without alleging the foreclosure and sale of the mortgaged property or a deficiency judgment. The statement to the contrary in the opinion of this court in *Ferraro* v. *Marrillard Builders, Inc.* (227 App. Div. 448), was unnecessary to the decision in that case and does not correctly state the law on the subject."

*President & Directors of Manhattan Co.* v. *Mosler Safe Co., Inc.,* was later tried on the merits and judgment affirmed. (252 App. Div. 863.) Petition for leave to appeal was denied. (253 App. Div. 828; 277 N. Y. 740.)

The essence of an action of this kind is the impairment of the security of the mortgage. The mortgagee is entitled to have his mortgage security unimpaired by acts of the mortgagor or his grantee. In my opinion, there is nothing in reason or authority which would make a foreclosure or a foreclosure and sale or a deficiency judgment conditions precedent to the maintaining of such action and it has been so held where the action was brought against a stranger. No different rule should obtain where the acts complained of were committed by a mortgagor who necessarily had full knowledge of the mortgagee's lien and must be held to have known that waste would impair the security of that lien.

The question as to whether the mortgagor is solvent or insolvent seems to me to be immaterial. No contrary holding was made in *Van Pelt* v. *McGraw (supra).* (See, also, *Ogden Lumber Co.* v. *Busse* and *Ferraro* v. *Weisman, supra.*)

The conclusion I have reached seems peculiarly applicable to the instant case where by virtue of the moratorium statutes now in force the plaintiff may not foreclose so long as the defendant pays the interest and taxes. It cannot be that an owner of real property may commit waste, thereby impairing the security of the mortgage, and at the same time be heard to say that the mortgagee is helpless and has no remedy because the laws of this State do not permit a foreclosure.

There is no statute granting a moratorium as to actions of this character. The provisions of sections 1077-a, 1077-b, *et seq.,* may not be enlarged by implication. The Legislature surely did not contemplate a moratorium as to any action except those enumerated. The nature of an action for waste is essentially tortious. The plaintiff herein does not seek the foreclosure of its mortgages, nor does it bring an action upon any loan, indebtedness, bond, extension agreement, collateral bond or other evidence of debt or liability originally contracted for simultaneously with a mortgage and secured solely by such mortgage. (*Ferraro* v. *Marrillard Builders, Inc., supra.*)

The apparent difficulty in arriving at the damages in the event that the plaintiff succeeds upon the trial is no bar. The difficulty in this respect is more apparent than real. Whatever the plaintiff recovers as its damages would necessarily be credited to the defendant at the time of any subsequent foreclosure or upon voluntary payment by the defendant. The plaintiff cannot recover more than the amount due on the mortgage in any case. The question of damages was discussed in *Cottle* v. *Wright* (140 Misc. 373, 375) and *Ogden Lumber Co.* v. *Busse* (92 App. Div. 143, 146).

It is my opinion, therefore, that the complaint states a cause of action of which this court has jurisdiction. The motion to dismiss the complaint must be denied, with costs. An order may be taken accordingly.