SYRACUSE SAVINGS BANK, Plaintiff, *v.* ONONDAGA SILK COMPANY, INC., Defendant.

Supreme Court, Onondaga County, September 11, 1940.

*Hiscock, Cowie, Bruce & Lee*, for the plaintiff.

*W. E. McClusky*, for the defendant.

SWIFT, J. The plaintiff is the holder of two mortgages upon premises owned by the defendant. These mortgages, which were assumed by the defendant, became due, one in the year 1900, and the other in 1910. Interest and taxes on the property have been paid to date and under the moratorium statutes the mortgages cannot at present be foreclosed. In 1920 the premises consisted of a two-family residence, and were used as such. In 1923 the defendant, while using the lower floor as an office, erected upon that floor a steel and concrete vault for the storage of silk, and in 1927 a second vault was built in the basement, and a concrete runway and ramp were constructed so as to connect the defendant's mill on the west with the office and vaults. " The cause of action alleged in the complaint is for the impairment of the security of the mortgages and was formerly called an action on the case in the nature of waste." (*Syracuse Sav. Bank* v. *Onondaga Silk Co., Inc.,* 171 Misc. 993.)

The first contention of the plaintiff is that the construction of the vaults and the ramp constituted waste which impaired its security. In this State the mortgagor has long been regarded both at law and in equity as the owner of the fee, and it must be borne in mind that this is not an action for waste such as might be maintained were the plaintiff here the landlord and the defendant the tenant, but it is an action on the case; that is, an action to recover damages sustained by the plaintiff because of the impairment of its security resulting from the wrongful act of the defendant. Bearing this distinction in mind, it becomes apparent that the plaintiff must prove (1) a wrongful act of the defendant; (2) impairment of security resulting from that act, and (3) the amount of such impairment. The defendant owned the fee of the property and so far as any covenants in the mortgages were concerned could use it as its own. However, the law does lay upon the mortgagor the duty of refraining from acts which will injure the mortgagee's security when the purpose of those acts is to fraudulently injure the mortgagee or to bring gain to the mortgagor at the expense and to the injury of the mortgagee. There is no question of fraud or bad faith in this case. The property was situated upon the edge of an industrial zone. It was purchased by defendant for use in its manufacturing business, and the alterations now complained of were made at considerable expense and resulted in the continual use and upkeep of the property until 1933 when the defendant was compelled to move its plant to larger quarters. Since that time the property has gone to ruin. To determine whether or not the acts complained of were such as to injure plaintiff's security, those acts should be considered as of the time and under the conditions

when performed. The plaintiff made several inspections of the property. Some of the changes were open and obvious, and while those who inspected it reported that the security was not good, and despite the fact that the mortgages were long past due, and could then have been foreclosed, the plaintiff took no steps to collect its debt. The plaintiff's conduct indicates that the changes in the premises wrought by the defendant in 1923 and 1927 were not considered even by it as injuries to its security until after the intervention of other and unforeseen events which brought the property to ruin. The evidence does not persuade me that these structural changes, viewed in the light of the times when made, were in the nature of waste or injurious to the security, and if not, the owner's acts in making them were not wrongful, but in any event, assuming even that the acts were wrongful, I am of opinion that the plaintiff is barred by the Statute of Limitations from maintaining an action for any injury that flowed from such acts. I cannot agree that this action is upon a sealed instrument. It is an action " on the case;" that is, to recover damage to property resulting from the wrongful acts of the defendant. The mortgages contained no covenants against those acts.

After the defendant was compelled to move, and in 1934, it leased its plant, including the premises in question, to another manufacturing corporation which continued to use the first floor of the premises as an office. This lessee in violation of the covenants of the lease and without the knowledge of the defendant caused great damage to the premises by allowing the fire which heated the house to go out, with the result that the pipes burst and water ran through the floors, and the lessee decamped without notice to any one. For these acts which injured the security of the plaintiff and also the property of the defendant, either of the parties to this action might have recovered damages from the lessee, but it does not follow, as plaintiff contends, that the defendant should be held responsible for the misdeeds of its tenant. The mortgagor did no wrongful act when it leased the premises to another.

Since the lessee abandoned the premises nothing has been done to rehabilitate or preserve them and the plaintiff seeks to recover damage for the injury to its security resulting from this permissive waste.

In *Gardner* v. *Heartt* (3 Den. 232) the court said: " No doubt the law will, in some cases, give redress by an action on the case, to a party whose lien by mortgage or judgment has been destroyed or impaired in value; it will do so where the injury was done fraudulently, but not where it results from mere negligence and want of due care and attention."

Chancellor KENT, in *Campbell* v. *Macomb* (4 Johns. Ch. 534), said: " I cannot make it a condition of the order staying the sale, that the defendant should repair the dam. This would be a very extraordinary and dangerous interference with the exercise of the rights of a mortgagor, and is, in practice unknown." What might be permissive waste by a tenant for life or for years will not necessarily uphold an action for damages caused by the wrongful act of the owner of the fee. I think the plaintiff has failed to keep in view the fact that this is not an action for waste, but " on the case "— for the wrongful act of the owner. Failure by the owner and mortgagor to keep his property in the same condition as when the mortgage was given is not wrongful. A mortgagor undertakes to do nothing for his own advantage which will injure the security of the mortgage, but he does not, unless he so covenants in the mortgage, agree to maintain the value of the security.

I am, therefore, of opinion that the plaintiff has failed to prove its case, and that the defendant is entitled to judgment.