ANNE BONNAR et al., Respondents, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Defendant, and HARRIET M. CAHILL et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. There was no agreement in the life insurance policy which would bar an assignment of benefits under section 15 of the Personal Property Law. Concur — Peck, P. J., Cohn, Callahan and Rabin, JJ.

LORETTA GARCIA, an Infant, by Her Guardian ad Litem, JOSEPH GARCIA, et al., Appellants, v. CITY OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Cohn, Callahan and Rabin, JJ. [See *post,* p. 1002.]

PATRICIA D. PHILLIPS, an Infant, by RICHARD A. BABCOCK, Her Guardian ad Litem, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Cohn, Callahan and Rabin, JJ.

PATRICIA D. PHILLIPS, an Infant, by RICHARD A. BABCOCK, Her Guardian ad Litem, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— Appeal unanimously dismissed. Concur — Peck, P. J., Cohn, Callahan and Rabin, JJ.

NATHAN HIRSCHFIELD, Respondent, v. ASTORIA ASSOCIATES, INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Cohn, Callahan and Rabin, JJ.

MICHAEL QUINDAZZI, Respondent-Appellant, v. SHERAVE BUILDING CORPORATION et al., Appellants-Respondents; LILLIAN SHAPIRO et al., Respondents, et al., Defendants.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Cohn, Callahan and Rabin, JJ.

W. HENRY GAMSON et al., Appellants, v. ALBERT L. ROBINSON et al., Individually and as Voting Trustees, Respondents.— The construction which plaintiffs give to the 1929 agreement is apparently contrary to the intent of the agreement. On the previous appeal we gave plaintiffs the opportunity to amend by stating facts which would support the claim that there was a purpose in the agreement further than that indicated and which recognized a commitment " to maintain the same proportionate voting control among the stockholders in the event of transfer of voting stock, and that the proportions originally established have been destroyed by the subsequent voting trust agreements." (284 App. Div. 945.) The setting forth of this intent by mere conclusory allegations to that effect is not sufficient. Plaintiffs may replead if they are in a position to set forth the facts to sustain their cause of action. Order unanimously affirmed, with $20 costs and disbursments to the respondents with leave, however, to the plaintiffs to replead. Settle order on notice. Concur — Peck, P. J., Cohn, Callahan and Rabin, JJ