TOBE KATZ, Respondent, *v.* MANHATTAN GENERAL, INC., Appellant.

First Department, January 31, 1956.

*Joseph F. Waldorf* of counsel (*Edward A. Harmon,* attorney), for appellant.

*Copal Mintz* of counsel (*Brand & Saltzman,* attorneys), for respondent.

BERGAN, J.   The original complaint in this action pleaded that defendant, which is a hospital, contracted with plaintiff " diligently and skillfully to treat and care for plaintiff " and " to render her all necessary routine medical treatment and nursing services which her condition might require, through the hands of its agents, servants and employees both of a skilled and unskilled nature ".

It further pleaded that defendant failed to furnish plaintiff " diligent and skillful care and treatment   *   *   *   thereby breaching its contract."   The " breach " thus charged was by pleading that she " was permitted to fall from her bed in the aforesaid hospital to the floor ".

That complaint was dismissed by the court at Special Term on the ground that the three-year Statute of Limitations applied to it and the statute had run.   The court was of opinion the pleading rested on a wrongful act in the course of rendition of services; and that the cause was founded in tort rather than in contract.

The decision left open the possibility that plaintiff might replead a cause of action sounding in contract, such as a breach for failure to furnish competent personnel resulting in injury to plaintiff.   The order permitted an amended complaint which has been interposed and which is now before us.   The Special Term has denied a motion to dismiss the new complaint.

In attempting to recast a pleading to avoid the interdicted field of tort and to rest in contract, the factual averments have been so rarified that nothing actionable is now stated.   The new pleading alleges that the defendant hospital contracted with

plaintiff " to receive her into said hospital for medical treatment and care, as aforesaid ". The pleading does not state that the hospital agreed with plaintiff personally to furnish her with diligent and skillful care or to furnish her with competent attendants and safe equipment. What it pleads merely is that the hospital generally " offers to contract and does contract " to receive persons for treatment and undertakes diligent and skillful treatment of all such persons; and that " part of " the " business conducted by " the hospital is the " obligation " to furnish competent personnel and safe apparatus to persons received as patients.

Even when these words are read in a sense strongly favoring the intendment of the pleader, they seem to embrace a carefully chosen way of avoiding saying in plain words that as between plaintiff and defendant there was an agreement that defendant would furnish competent servants and attendants and proper apparatus.

The literal words of the pleading are that the contract between plaintiff and defendant was that plaintiff be received in the hospital for medical treatment. The contextual pleading is that the hospital offers to contract and does contract generally (not with this plaintiff specifically) for diligent and skillful treatment of patients received; and that its business is the " obligation " to furnish competent persons to care for patients received.

The pleading that plaintiff was " received " by the defendant in the hospital for medical treatment and care, " as aforesaid ", seems to relate to the general statement of the " offer to contract " and the " business * * * obligation " of the hospital, but if it does relate to these allegations it certainly is not a plain statement of a contract with the plaintiff in relation to the competency of personnel and safety of equipment.

There follows an omnibus and naked conclusion of law which adds nothing to the factual averments of the pleadings: " That by reason of the premises, as aforesaid " the defendant " was obligated " to furnish competent servants and safe equipment to plaintiff.

No fact of breach is pleaded which may be read as touching upon any possible right of plaintiff to recover damage from defendant. It is said that defendant " breached its contract as aforesaid ". This is a conclusion of law. What is added is not enlightening. The " breach " is by " failing or omitting to furnish to the said plaintiff competent servants and attendants and proper apparatus and appliances ".

The plaintiff, it is further pleaded, has " sustained damages " by " the breach ". No injurious or damaging effect to the plaintiff from " the breach " is factually stated; and the pleading has been so circumscribed in the depth and breadth of its dimension that no visible cause remains. The missing element is a clear statement of how plaintiff was damaged by the breach. The first complaint had the virtue, at least, of pleading that plaintiff was permitted to fall from bed and was injured.

The statute (Civ. Prac. Act, § 241) requires a pleading to contain a concise statement of the " material facts " upon which " the party pleading relies ". The minimal requirements are well understood and are easily demonstrated. Where, for example, as a defense and counterclaim in a mortgage foreclosure action, the defendant set up, as a breach by plaintiff of a covenant in his deed of quiet enjoyment, by pleading that plaintiff failed to allow defendant to enjoy the premises and has prohibited and interfered with such enjoyment, it was held that the pleading in this form was insufficient for a failure to plead the facts upon which pleader relied (*Ferraro* v. *Marrillard Builders,* 227 App. Div. 448, 450). A pleading that a contract became " effective " on a certain date is a conclusion insufficient to supply the absence of pleading the underlying facts which made it effective on that date. (*Union Trust Co.* v. *Main & South Sts. Holding Corp.,* 245 App. Div. 369; see, also, *Unity Sheet Metal Works* v. *Knappen,* 279 App. Div. 245; *Gamson* v. *Robinson,* 286 App. Div. 827.)

" A complaint ", it has been noted in the context of a somewhat different type of action, " must state facts. General allegations of wrongdoing based upon undisclosed facts do not state a cause of action " (*Gerdes* v. *Reynolds,* 281 N. Y. 180, 183–184, LEHMAN, J.). That was an action against corporate directors and others for waste and diversion of corporate assets; but as far as pleadings are concerned it is equally important that a breach of contract must also be plainly enough stated that the adverse party may know the nature and result of the wrong which is at the bottom of the action. The need thus to be explicit has been stated in many cases. (*Knowles* v. *City of New York,* 176 N. Y. 430; *Meisel* v. *Central Trust Co.,* 179 App. Div. 795, affd. 223 N. Y. 589; *Kalmanash* v. *Smith,* 291 N. Y. 142, 153; *Lifshutz* v. *Adams,* 285 N. Y. 180, 185; *Weinberger* v. *Quinn,* 264 App. Div. 405, 409.)

The question that has been stressed in the argument of this appeal and in the briefs is whether the cause pleaded in the amended complaint is laid in contract or tort as affecting the

Statute of Limitations. But the motion to dismiss was based on the ground that the complaint failed to state a cause of action as well as on the ground that the Statute of Limitations had run. The court considered directly the sufficiency of the complaint and denied the motion to dismiss. We think the complaint before us is insufficient to state a cause of action and before we attempt to classify a cause as affected by this or that Statute of Limitations we ought to have before us one that is well pleaded.

The order should be reversed and the amended complaint dismissed with further leave to plaintiff to replead.

PECK, P. J., BREITEL, BOTEIN and FRANK, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the amended complaint dismissed with further leave to plaintiff to replead. Settle order on notice.