G. Robert Witmer, J.
Defendants move to require plaintiffs to separately state and number the causes of action which defendants contend are alleged in the first cause of action of plaintiffs’ complaint herein. In said pleading plaintiffs recite that they formerly owned a parcel of land which they sold to defendants’ predecessor in 1956 and took back a purchase-money mortgage and also a chattel mortgage upon certain chattels which went with the sale; that shortly thereafter said predecessor transferred said realty and personalty to defendants who have remained in possession and have operated the business thereon. It is alleged that defendants have made all payments due upon said mortgages and that the indebtedness has been reduced to the sum of $215,000.
By reason of four separate acts or omissions by the defendants, each alleged in a separate paragraph, plaintiffs allege that their mortgage security has been impaired. They also allege that by reason thereof they have been damaged to the extent of $30,000 in respect of one omission and $70,000 additional in respect of the other three alleged acts or omissions, and they ask judgment against defendants in the sum of $100,-000. Plaintiffs also ask that defendants be enjoined from causing or permitting further damage or deterioration on the mortgaged property.
Defendants, through silence, correctly recognize that an action for damages for impairment of security may be maintained even though the mortgagor is not in default on his mortgage payments. (Van Pelt v. McGraw, 4 N. Y. 110; Odell v„ Buck, 5 A D 2d 732; President & Directors of the Manhattan Co. v. Mosler Safe Co., 246 App. Div. 785; Syracuse Sav. Bank v. Onondaga Silk Co., 171 Misc. 993.)
Were this a cause of action to declare the mortgages due and payable by reason of impairment of security or to enjoin acts causing impairment of security, undoubtedly it would be proper for plaintiffs to incorporate in the one cause of action several items which they claim constitute such impairment. (See Payne v. New York, Susquehanna & Western R. R. Co., 201 N. Y. 436; General Acc. Fire & Life Assur. Corp. v. Rupp, 278 App. Div. 666.) By reason of such alleged impairment, however, founded on four different acts or omissions, plaintiffs seek a judgment in damages, and in a different amount in each *172 instance. Because of the manner in which this pleading is fashioned, there are four different causes of action alleged; and defendants are entitled to have them separately stated and numbered or to have the allegations therein so modified as to set forth one cause of action only. (See Christmas v. Norden, 282 App. Div. 923.)
Incidentally it is observed that the complaint contains no allegation to support plaintiffs’ right to some of the relief which is prayed for in the wherefore clause.
Defendants also have moved under rule 106 of the Buies of Civil Practice for an order dismissing the second cause of action for failure to state facts sufficient to constitute a cause of action. In that cause of action plaintiffs allege that said purchase-money mortgage contained the covenant “ that no building on the premises shall be removed or demolished without the consent of the mortgagees ”. It is further alleged that defendants “ by their wilful or negligent failure to maintain the cottages located on said premises, and by their wilful failure to provide adequate guards or watchmen against vandalism, have permitted and continue to permit said cottages in effect to become substantially demolished”; and that such acts and omissions constitute a breach of said covenant, to plaintiffs’ damage in the sum of $30,000.
The question presented is whether the covenant against removal or demolition was intended only to prohibit the mortgagor from the active conduct of removing or demolishing the buildings, or whether it may also be construed as intending to require the mortgagor to take active steps to prevent the buildings from being removed or being demolished by third persons.
Neither counsel has been able to find a case in point.
Webster’s New International Dictionary defines “remove” thus: “to change or shift the location, position; station or residence of; to transfer, esp. in order to re-establish.” And it defines “ demolish ” thus: “ to throw or pull down; to raze; to destroy the fabric of; to pull to pieces; hence, to ruin; destroy.”
It seems clear to me that the intention of the covenant was to exact an agreement from the mortgagor not to do any affirmative act to remove or demolish a building without plaintiffs’ consent; and I do not believe it contemplated that the mortgagor must take affirmative steps to prevent others from removing or demolishing a building; and it has been so held. (Syracuse Sav. Bank v. Onondaga Silk Co., 175 Misc. 811; and, see, 154 A. L. R. 616, n.) The earlier case by the same name *173 (171 Misc. 993, supra) involved active conduct on the part of the mortgagor.
The use of the adjective “wilful” in the case at bar makes the question somewhat closer. If by such word plaintiffs mean defendants have co-operated with others, as in a conspiracy, to remove or demolish, they might make out a violation of the covenant or of a duty under the covenant. But plaintiffs have not alleged such acts, and the court will not incorporate such allegation by implication. In short, I hold that the covenant is not broken by defendants doing nothing, regardless of their • intent. If plaintiffs meant to require the mortgagors to take affirmative action to protect the security, such intention should have been spelled out by express provision in the mortgage instrument.
This cause of action is therefore dismissed. Submit order accordingly.