MINNIE GREENBERG, Individually and as a Stockholder of Nusbaum's Department Store, Inc., Plaintiff, *v.* NUSBAUM'S DEPARTMENT STORE, INC., et al., Defendants.

Supreme Court, Special Term, Monroe County, July 17, 1962.

*Oviatt, Gilman, O'Brien, Forman & Clarke (Percival D. Oviatt, Jr.,* of counsel), for defendants. *MacFarlane, Harris, Martin, Kendall & Dutcher (Delon F. Mousaw* of counsel), for plaintiff.

G. ROBERT WITMER, J. Defendants have moved under rules 90, 102 and 103 of the Rules of Civil Practice for an order (1) requiring plaintiff to separately state and number what defendants deem to be several causes of action in her complaint, (2) requiring plaintiff to make her complaint more definite and certain, and (3) striking from the complaint certain paragraphs as irrelevant and prejudicial. We shall deal with the several parts of the motion in that order.

Defendants contend that plaintiff has alleged a cause of action (1) against all defendants for diversion of corporate business, (2) against all defendants for wrongful sale, exchange and delivery of merchandise, (3) against the individual defendants for unauthorized loans, (4) against the individual defendants for payment of excessive management salaries and (5) against the individual defendants for spending corporate moneys of defendant Nusbaum corporation for unlawful purposes. In response to this motion plaintiff asserts that she has alleged only one cause of action against each and all of the defendants, to wit, for wrongful diversion by them in concert of the corporate business and assets of the defendant Nusbaum's Department Store, Inc.

Defendants' motion to require plaintiff to separately state and number said allegations into separate causes of action is denied. The several matters referred to in this part of defend-

ants' motion are various items of plaintiff's claim of diversion. (*Payne* v. *New York, Susquehanna & Western R. R. Co.,* 201 N. Y. 436, 441, 444; *Yorktown Prods. Corp.* v. *Fay,* 15 A D 2d 646; and see *Garliner* v. *Glicken,* 23 Misc 2d 170.) In fact, had plaintiff made separate causes of action of them, she might be compelled to amend to place them in one cause of action as presently alleged. (*Covey* v. *England & McCaffrey,* 233 App. Div. 332 [4th Dept.].)

Defendants' motion to compel plaintiff to make her complaint more definite and certain relates to paragraphs numbered 23, 24, 30 and 33. The allegations in said paragraphs do not contain specific details, but for the most part they contain sufficient allegations of fact and are not merely conclusory. The fair intendment of the pleading is apparent. Hence they constitute proper pleading, except in two respects. The allegations in paragraph No. 30, that the salaries of the individual defendants are excessive and their management constitutes a breach of duty are faulty. They must be made definite and certain. (*Kalmanash* v. *Smith,* 291 N. Y. 142; *Davis* v. *Cohn,* 260 App. Div. 624; *Steinberg* v. *Altschuler,* 158 N. Y. S. 2d 411, 416.) It appears on the face of the pleadings, moreover, that it is possible, if not probable, that the Statute of Limitations has run as against some items of plaintiff's claims. Defendants are entitled to have said paragraphs amended to set forth at least the beginning dates of her claims with respect to such items, so that defendants may determine whether or not to interpose the defense of the Statute of Limitations. (*Marco* v. *Sachs,* 270 App. Div. 948; *Peters* v. *Huppert,* 159 App. Div. 829; and see *Kalmanash* v. *Smith, supra,* pp. 158–159; *Gottfried* v. *Gottfried,* 269 App. Div. 413.)

In the respects mentioned this part of defendants' motion is granted, and in all other respects it is denied. Any additional facts required of plaintiff by the defendants with respect to the other allegations in said paragraphs may be obtained through a bill of particulars. (*Shankman* v. *Revheim,* 54 N. Y. S. 2d 566; *Diamond* v. *Russeks Fifth Ave.,* 44 N. Y. S. 2d 129, 131–132, affd. 258 App. Div. 789.)

Finally, defendants move for dismissal of paragraphs numbered 11, 12, 15, 16, 25, 31 and 32 of the complaint upon the grounds that they contain irrelevant and prejudicial allegations. Briefly, said paragraphs contain the following claims:

PARAGRAPH 11 — That in 1937 plaintiff, her late father, her sister and the two individual defendants organized the department store business as a partnership, which continued until

defendant Nusbaum's Department Store, Inc., was organized in 1950 to succeed the partnership.

PARAGRAPH 12 — That said partners were all active in the business and it became profitable.

PARAGRAPH 15 — That plaintiff was employed by the partnership and later by the defendant Nusbaum corporation from the original organization of the partnership until February, 1959, and participated in its management and merchandising.

PARAGRAPH 16 — That in February 1959 plaintiff was discharged as an employee of said defendant Nusbaum corporation.

PARAGRAPH 25 — That the individual defendants have arrogated to themselves the management and control of defendant Nusbaum corporation and have excluded plaintiff from taking part in such management and have refused to have any meetings of stockholders of said corporation.

PARAGRAPH 31 — That no dividends have ever been declared or paid on the capital stock of the defendant Nusbaum corporation.

PARAGRAPH 32 — That since her discharge in 1959 as an employee of defendant Nusbaum corporation, plaintiff has been trying to obtain profit and loss statements concerning its business, which were refused until this action was commenced by service of a summons and notice to examine defendants before trial to frame a complaint.

Although the above allegations have no direct bearing upon plaintiff's cause of action, they supply some historical background and stage setting for her action. Allegations to strike parts of a pleading from a complaint as irrelevant are not favored, in the absence of showing that the matter is substantially prejudicial. Defendants claim that said allegations are designed to raise an aura of bad faith against them before plaintiff's case is heard on the merits, but there seems little in said allegations which can be deemed substantially prejudicial in an action of this sort, and hence the motion to strike them must be denied. (*Manco Distr.* v. *Bigelow-Sanford Carpet Co.*, 11 A D 2d 1088 [4th Dept.]; *Gerseta Corp.* v. *Silk Assn. of America*, 220 App. Div. 302, 305; *Nasmie Constr. Co.* v. *Quasman*, 215 App. Div. 724; *Yeshiva Univ.* v. *Edelman*, 16 Misc 2d 931, 934, affd. insofar as appealed 7 A D 2d 649; *Shankman* v. *Revheim*, 54 N. Y. S. 2d 566, *supra*; *Diamond* v. *Russeks, Fifth Ave.*, 44 N. Y. S. 2d 129, 132, *supra*.) This ruling is made, of course, without passing upon the admissibility upon the trial of any evidence in proof of such allegations. (*Manco Distr.* v. *Bigelow-Sanford Carpet Co.*, 11 A D 2d 1088, *supra*; *Savage Realty Co.* v. *Lust*, 203 App. Div. 55, 58.)