Gr. Robert Wither, J.
Defendants have moved for summary judgment striking from this action the issue that defendants violated section 1192 of the Vehicle and Traffic Law in that defendant “ Marjorie L. Kappesser was physically unable ” to drive her automobile because of alcohol which she had consumed on the night of the accident, December 22, 1962, and that the latter was a cause of the accident. In their bill of particulars plaintiffs state that the ability of the defendant Marjorie L. Kappesser to drive was “ impaired ” by consumption of alcohol. Counsel for the parties stipulate that upon the trial plaintiffs’ claim will be amended to change the word “ impaired ” to ‘ ‘ affected ’ ’, and that this court should consider such to be the present state of the claim and issue. Defendants have submitted affidavits in support of their motion; but plaintiffs have submitted none in opposition. Plaintiffs contend that defendants’ moving papers show the existence of an issue of fact, and that hence no statement of fact need be set forth by them. Moreover, where the facts are peculiarly within the knowledge of the moving party, summary judgment will not ordinarily be granted. (Overseas Tours & Travel v. Sarne Co., 17 A D 2d 578; De France v. Oestrike, 8 A D 2d 735.)
Defendant Marjorie L. Kappesser swears in her affidavit that she was a member of the committee on arrangements for a party for certain bank employees on December 22, 1962; that between 6:00 and 7:00 p.m. that evening she went to the inn where the party was to be held and helped with arrangements; that thereafter and prior to sitting down to dinner at 8:30 p.m., she had two regular martini drinks over ice, and during the dinner she had part of another martini; and had no other alcoholic beverages on that date. It is alleged that at 10:55 p.m., her car was in collision with another vehicle which backed out onto the highway where she was driving.
*850 Two persons who talked with defendant Marjorie L. Kappesser after the dinner and before the party broke up have sworn in affidavits supporting this motion that she appeared normal and ‘ ‘ showed no indication of intoxication ’ ’, or that ‘ ‘ she was not intoxicated nor was her ability to drive an automobile impaired at said time and place and the Deputy Sheriff who investigated the accident says that he saw “ no reason to take a blood test of Marjorie L. Kappesser ”, and that her ability to drive did not appear to be impaired.
Section 1192 of the Vehicle and Traffic Law provides that less than 5/100th of 1% by weight of alcohol in one’s blood is prima facie evidence that he was not intoxicated; and that 10/100th of 1% by weight of alcohol in one’s blood may be admitted as prima facie evidence that his ability to operate a motor vehicle was impaired by the consumption of alcohol.
Defendants’ motion is made, avowedly, to remove the subject of consumption of alcohol from this case upon the trial, because of the assumed prejudicial effect that such evidence may have upon the jury. Motions to strike out irrelevant parts of a pleading are not favored, and will not be granted unless the material is clearly prejudicial (see Greenberg v. Nusbaum’s Dept. Store, 35 Misc 2d 326, 329, affd. 18 A D 2d 883), but where the pleading is relevant, clearly it may not be stricken.
The allegations to which objection is made are contained in paragraph s of the complaint and paragraph 6 of the bill of particulars, as modified by the stipulation that the word “ affected ” will be used instead of the word “ impaired ”. Plaintiffs do not allege, directly or by implication, that section 1192 of the Vehicle and Traffic Law applies; and since it does not appear to be disputed that no blood test of defendant Marjorie L. Kappesser was taken, there is no basis for reliance upon section 1192 of the Vehicle and Traffic Law. Since plaintiffs’ brief suggests that upon the trial reliance may also be placed upon section 1192 of the Vehicle and Traffic Law, defendants may, if they wish, have an order excluding the use of said section 1192 upon the trial. (See CPLR, rule 3212, subd. [g].) Except for that, however, this motion must be denied.
Apart from statute the conduct of Marjorie L. Kappesser in this negligence action is for the jury. "Whether her ability to drive as a reasonably prudent person should, was affected by the alcohol which she admits she had consumed earlier that evening is for the jury to say, despite the favorable views on the subject expressed by the affiants in the supporting papers. Alcohol has varying effects on different people, and even on the same people at different times. What her condition was at the *851 time in question may be shown in greater detail upon the trial, possibly by examination and cross-examination of those persons who have made affidavits for the defendants for use on this motion. The court may not take that issue from the jury. Submit order accordingly.