■ HYMAN HELLER et al., Appellants, v. ALAN GERRY et al., Respondents.— Appeal from a judgment of the Supreme Court in favor of the defendants, entered April 5, 1974 in Sullivan County, upon a decision of the court at a Trial Term, without a jury. This case was previously before the court upon an appeal from a judgment dismissing the complaint at the close of the plaintiffs' case, and, upon a decision by this court determining that a cause of action had been prima facie established for an impairment of Hyman Heller's mortgage and a conversion of chattels owned by Hyman Heller, Inc., that judgment was modified as to the respondents herein and remitted for a new trial (*Heller* v. *Gerry*, 40 A D 2d 236). The underlying facts of this case are set forth in the prior decision of this court. Upon remand the trial court has found that as to these defendants there was no intentional disposition of assets subject to the mortgage of Hyman Heller constituting such a deprivation of their value as to constitute an impairment of the security. As to the real property, there was evidence before the court that whatever demolition of buildings or removal of fixtures occurred, they happened at a time when the mortgage was not in default and were solely in the nature of improvements. It was established that the renovations were at a large cost to the defendants' corporation and did not tend to lower the value of the premises. Accordingly, the trial court's findings as to the real property and fixtures negate any right of recovery for impairment of that form of security. The purchase money mortgage held by Hyman Heller expressly included specific items of personal property, some of which would certainly be in the nature of fixtures. The record indicates that in connection with the renovation of the real property and the desire of the defendants as officers of the corporation to upgrade the establishment, most of the items of property were removed and disposed of either as junk or at nominal values. The mortgage contains a covenant as follows: "That no building on the premises or item of personal property shall be removed or demolished without the consent of the mortgagee." There can be no doubt as to the intent of the mortgagee to rely upon the personal property as well as the real property to secure his debt. The removal of the items of personal property and the sale or abandonment thereof was in clear violation of the mortgagee's rights. Nevertheless, the question is whether or not such action by the defendants would necessitate liability in damages. There was evidence that the plaintiff Heller knew of the extensive repairs to the real estate and as to the acquisition of new furnishings, but he made no objection prior to foreclosure. The trial court found that the removed items covered by the mortgage were obsolete. The record contains testimony to the effect that the chattels were obsolete or no longer functional. As noted, the disposal of the chattels occurred at a time when the corporation was attempting to upgrade its operation. The chattels disposed of were substantially replaced subject to some new indebtedness. The record does not conclusively establish that as to these chattels there was any tortious act. Certainly there was no looting of the assets to the detriment of the mortgagee and, the items which were of a purely personal property nature were such as no one could expect them to be used throughout the relatively long term of the mortgage. The mortgaged personalty included "dishes, silverware, pots, pans, glassware" and it is inevitable that because of breakage, damage, destruction, or constant use, these articles of necessity would have to be replaced. Accordingly, the finding of the trial court that there was no wrongful impairment of the security in regard to the personal property included in the mortgage is supported in the record. The dismissal of the mortgage cause of action must be affirmed. (See *Syracuse Sav. Bank* v. *Onondaga Silk Co.*, 175 Misc. 811.) The cause of action

by Hyman Heller, Inc., was based upon a lease of the personal property used by the defendants' corporation to replace the property originally secured by the mortgage of Hyman Heller. The record discloses that to obtain partial financing for the renovation and purchase of replacement equipment the defendants' corporation secured a loan from R. T. A. Distributors, Inc., in return for the security of the personal property. The transaction took the form of a transfer of title to R. T. A. and a lease back by R. T. A. of the chattels to the defendants' Corporation. The trial court correctly described the transaction as "a time payment arrangement.". However, it is beyond dispute that Hyman Heller, Inc., had purchased the title to these goods and was entitled to their return. (See *Heller* v. *Gerry, supra.*) The record establishes that one of the items covered by the lease to R. T. A. was a piano which the defendants all admitted they knew had been sold by their manager for $800. This sale was clearly wrongful and upon the record it was a conversion. The knowledge of the defendants of the sale as discerned from the record together with their failure to correct the same is sufficient to require liability. However, the remainder of the items claimed by Hyman Heller, Inc., are not sufficiently established to be imputed to disappearance by wrongful acts of any of the defendants. Accordingly, the dismissal of the second cause of action must be reversed and judgment granted to Hyman Heller, Inc. Judgment modified, on the law and the facts, by striking the award of costs and disbursements to the defendants, striking the dismissal of the complaint, granting judgment to the defendants against Hyman Heller on the first cause of action, without costs, and granting judgment to Hyman Heller, Inc., on the second cause of action in the sum of $800 together with appropriate interest, without costs, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ. concur.