OPINION OF THE COURT
Howard Miller, J.
Novel questions of law are raised in this action by plaintiff *957 for foreclosure and imposition of an equitable lien upon the proceeds of a settlement received by defendants Joseph M. and Barbara J. Novak (hereinafter Novak) as a result of a lawsuit against a contractor and architect.
On July 16, 1987, Novak purchased a newly constructed residence in Blooming Grove, New York for $288,000. The purchase was funded by Novak’s down payment of $58,000 and by the execution of a $230,000 first mortgage to plaintiff. The appraised value of the property at that time was $293,500. In November of 1990 Novak notified plaintiff that serious structural defects in the house became apparent within six months after occupancy, causing defendants to bring an action against the architect and builder. Allegedly as a result of costs involved in prosecuting that action (said to be over $30,000), and the loss of employment by defendant Joseph Novak, Novak sought to have mortgage payments suspended. No payments were made from November 1990. On April 3, 1991, Novak’s attorneys initiated correspondence with plaintiff concerning the possibility of Novak’s tendering a deed in lieu of foreclosure. On May 9, 1991 plaintiff commenced an action to foreclose the mortgage lien. At some point in time plaintiff learned that Novak’s action against the architect and builder had been settled for $70,000. On May 31, 1991, plaintiff served an amended complaint which included two causes of action seeking to establish a lien on the $70,000 settlement based on equitable considerations and unjust enrichment.
Novak does not contest the validity of the mortgage or the default. The only defenses raised by Novak to plaintiff’s action for foreclosure are lack of personal jurisdiction and that, since Novak has tendered a deed to the property to plaintiff, the equitable relief of foreclosure should be denied.
Plaintiffs have submitted on their cross motion for summary judgment affidavits of service of the summons and complaint upon defendants. The papers in opposition to the cross motion contain no affidavit or statement that the defendants failed to receive a copy of the summons and complaint and that defense is therefore dismissed (Newman & Leventhal v Sanders, 115 AD2d 360).
While tender of the amount due under the mortgage constitutes a defense to a foreclosure, the tender of a deed in lieu of foreclosure does not. There is no requirement either in the law or under the terms of the mortgage requiring plaintiff to accept a deed in lieu of foreclosure. The cases cited by *958 Novak in support of defendants’ position do not concern title to real property where the issues of merger and insufficient consideration arise. Nor is there any indication whether there are other lienors who may be affected by such a conveyance. Plaintiff is entitled to proceed under the terms of the mortgage document and, in view of defendants’ admitted default, summary judgment is granted to plaintiff on its first cause of action.
Plaintiff’s second and third causes of action seeking imposition of an equitable lien are based upon: (1) representations in the mortgage that Novak would "keep the property in good repair,” and would prevent deterioration of the property; (2) plaintiff’s allegation that the parties intended that the mortgage lien would remain "undisturbed by any casualty or loss of the property”; and (3) that the recovery constitutes "substituted property” in place of the defective premises.
Defendants argue that there was no agreement, either express or implied, that plaintiff would have a lien against the proceeds of defendants’ claim against the builder and architect, and that such litigation was a "general intangible” under the Uniform Commercial Code which required plaintiff to meet the requirements for perfecting a security interest therein. (It should be noted that equitable liens are independent of the Uniform Commercial Code and of the law applicable to vendors’ liens [General Ins. Co. v Lowry, 570 F2d 120].)
An equitable lien has been described as a right, not recognized by law, to have a fund or specific property applied to the payment of an obligation (Jamison Coal & Coke Co. v Goltra, 143 F2d 889, cert denied 323 US 769). The intention of the parties to charge a specific property must clearly appear (Jackman v Newbold, 28 F2d 107; American Fid. Fire Ins. Co. v Construcciones Werl, 407 F Supp 164). A mere expectation that a debt will be paid out of some particular fund when the fund arises, or even an agreement to that effect, does not establish an equitable lien on the fund (Jackman v Newbold, supra). Equity may intervene to give effect to an agreement that a party have a lien, but it cannot be created by the court merely from a sense of justice (Castelli v Walton Lake Country Club, 112 NYS2d 179).
Plaintiff concedes that there is no explicit language in the mortgage extending plaintiff’s lien against the property to a recovery by the mortgagors in an action against the builder and architect. The issue of intent is therefore critical to *959 plaintiffs claim to an equitable lien. Strict proof of such intention is required (Castelli v Walton Lake Country Club, supra). Such intent cannot be derived from the mortgage document. Although plaintiff argues that had the property suffered an insured casualty or was taken in condemnation, the insurance proceeds or condemnation award would be subject to plaintiff’s lien. However, those eventualities are specifically covered in the mortgage. There is no provision in the mortgage document which could be construed to create an intent on the part of the mortgagors that the settlement of any lawsuit by the mortgagors against third parties which related to the mortgaged premises would inure to the benefit of plaintiff. Nor has plaintiff offered any extrinsic evidence to support the plaintiff’s attorneys’ conclusion that the mortgage, as written, implies such an intent. The affidavit of plaintiff’s assistant vice-president is devoid of any representation establishing intent.
While Novak may be unjustly enriched by retention of the $70,000 settlement, an equitable lien must be founded in an agreement of the parties or by strict proof of intention that the lien be created; it "does not arise of itself because the court feels it should” (Conkling v First Natl. Bank, 286 App Div 537, 541). Plaintiff has failed to offer any competent evidence that the parties intended that plaintiff would have a lien over moneys received by Novak in a civil action brought against the builder and architect. The fund sought to be liened was not in existence at the time the mortgage was entered into and inasmuch as the underlying security still exists, there is no basis for a finding that the $70,000 became "substituted property.” Novaks’ admitted failure to pay the mortgage and their breach of the mortgage agreement is not sufficient to entitle plaintiff to an equitable lien on the settlement proceeds (53 CJS, Liens, § 5, at 463; Matter of Minton Group, 28 BR 774, affd 46 BR 222; Matter of Corson Furniture Co., 46 F Supp 678).
Novak’s appraisal indicates that the current value of the property is $245,000. Undoubtedly the property has been impaired by structural defects which were not the fault of the mortgagors, but the mortgagors are under no duty to restore the property to the same condition as when the mortgage was executed (Syracuse Sav. Bank v Onondaga Silk Co., 171 Misc 993, 175 Misc 811; Heller v Gerry, 40 AD2d 236, affd in part, revd in part after remand 47 AD2d 697). Nor has any proof been adduced to show that the present value of the property *960 does not equal or exceed the amount due on the mortgage which, on October 1, 1990, was $224,439.76. Obviously if plaintiff’s mortgage lien is satisfied by the sale of the property, it would not be entitled to any further lien. If it is not, plaintiff may apply for a deficiency judgment which may be enforced against any of defendants’ assets.
Plaintiff’s second and third causes of action are therefore dismissed. Plaintiff is granted judgment on its fourth cause of action for attorneys’ fees in connection with the foreclosure in an amount to be determined by the court upon submission by plaintiff’s attorneys of an affidavit of service on notice to defendants’ attorneys.