**MAGELSSEN v. HALE.**

No. 5297.

United States District Court
W. D. Missouri, W. D.

Nov. 30, 1948.

Will H. Hargus, of Harrisonville, Mo., for plaintiff.

Langworthy, Matz & Linde, of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This action was originally brought in the Circuit Court of Cass County, Missouri. In the complaint it is asserted by the plaintiff that the defendant was a nonresident of the State of Missouri, and that on the 24th of February, 1948, he was driving and operating an automobile in said Cass County, Missouri, and by his negligence in so operating his automobile he inflicted injuries upon the plaintiff.

After an attempted service of process the case was removed to this court and a motion to quash the service was sustained. Thereupon the plaintiff caused a summons to be issued conformable to the provisions of Section 8410.5, 18 Mo.R.S.A. Service was had through the Secretary of State and the defendant was notified in the manner prescribed by law. It is his contention here that this court has no right to cause a summons to be issued so as to obtain valid service of process upon the defendant and particularly since, by Section 8410.-11, 18 Mo.R.S.A., the venue of such suits shall be "in the County in which the cause of action accrues."

■ 1. Adverting to the Federal Rules of Civil Procedure, 28 U.S.C.A., for the service of process, Rule 4(d) (1) provides that service may be had upon an individual "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

It is provided by Section 8410.1, 18 Mo. R.S.A. that, as a condition to operating an automobile in Missouri by a non-resident, such a non-resident shall agree that he will be subject to the jurisdiction of the courts of this state in all civil actions and proceedings against him by either a resident or non-resident; and he further shall agree that the Secretary of State of Missouri shall be his lawful attorney and agent "upon whom may be served all process in suits pertaining to such actions and proceedings; * * *." And he further shall agree, "that any process in any suit so served shall be of the same legal force and validity as if personally served on him in this State, Laws 1941, p. 435, § 1."

It appears, therefore, from the provisions of Rule 4(d) (1) that the summons and complaint served upon the Secretary of State were sufficient as that officer was an agent authorized by law to receive such service of process.

■ 2. By Rule 4(d) (7) it is further provided that, in cases such as this, service may be had "in the manner prescribed by the law of the state in which the service

is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." Upon this paragraph alone the service was sufficient.

 3. The venue statute relied upon by the defendant, being Section 8410.11, 18 Mo.R.S.A., simply provides that: "Any suit under the provisions of this act shall be filed in the County in which the cause of action accrues * * *." The action was filed in the county where the action accrued and could have been tried there. The defendant, however, elected to remove the case to the Federal Court, as he had a right to do. He cannot now be heard to complain that the case is no longer pending in the county where it was filed.

As indicated, the law requires that it be filed in the county, but does not require that the case be tried there. See Sussan v. Strasser et al., D.C., 36 F.Supp. 266.

In view of the above the motion to quash should be overruled and it will be so ordered.