STATE OF INDIANA EX REL. BURNHEIMER, GUARDIAN ETC. *v.* NOBLE CIRCUIT COURT, KING, JUDGE ETC.

[No. 29,254. Filed February 21, 1955.]

*Barrett, Barrett, & McNagney, J. A. Bruggeman* and

*Hugo Jacobsen,* of Fort Wayne, and *Rob R. McNagney,* of Columbia City, for relator.

*Kenneth A. King,* Respondent, *pro se.*

EMMERT, J.—On March 11, 1954, the Noble Circuit Court appointed Margaret Ruth Burnheimer guardian for her husband, Lee R. Burnheimer, under the provisions of §22-1207, Burns' 1950 Replacement (Acts 1927, ch. 69, §7, p. 179; 1931, ch. 13, §1, p. 19; 1933, ch. 263, §1, p. 1166). On April 8, 1954, the guardian filed oath and bond in the penal sum of $3,000 which was approved by the court. On July 20, 1954, DeWitt R. Burnheimer filed a verified petition to declare the ward restored to sanity and to terminate the guardianship. On this petition summons was issued and served on the guardian requiring her to answer the petition. She appeared by counsel and on January 11, 1955, the guardian filed an affidavit for change of judge. On January 13, the court denied the affidavit for change of judge by the following entry:

> "It appearing that the petitioner DeWitt R. Burnheimer and the Defendant Lee R. Burnheimer, wanting this cause pushed to a conclusion without a change of venue and the Guardian not being a party to the suit and this being an insanity proceeding, change of venue from the Judge is denied."

We issued an alternative writ of mandamus to compel the trial court to grant the motion for change of judge, or show cause why the same should not be done.

Chapter 69 of the 1927 Acts and amendments thereto, §22-1201, *et seq.,* Burns' 1950 Replacement, contain no statutory provision for termination of the guardianship. However, the Probate Code of 1953 does contain specific directions on the termination of the guardianship, and the Probate Code controls.

Section 8-148, Burns' 1953 Replacement, states that

"Any person may file a petition on behalf of the ward, to have him adjudicated competent. If the court shall determine that the ward is competent, or, if still incompetent, that the proceeding was brought in good faith, the ward shall pay the expenses of such proceeding, otherwise the court shall give judgment therefor against the person filing such petition."

Under §8-116, Burns' 1953 Replacement, it is quite clear that such a proceeding is adversary in character, and that the guardian is a party to a petition to terminate the guardianship by reason of the ward regaining his competency.

"Before the court enters an order upon any petition, pleading, or other paper filed with the court in the matter of the guardianship of the estate or of the person, notice of hearing thereon shall be given to the guardian of the estate unless he shall have signed the same, consented thereto, or waived notice of hearing thereon." Section 8-116, Burns' 1953 Replacement (Acts 1953, ch. 112, §1916, p. 295).

The Probate Code of 1953 makes no provision for change of venue from the judge in a proceeding to terminate the guardianship, but "it has long been recognized that, where the statute is silent on the subject of a change of venue, the mere fact that a proceeding is a special statutory one, does not preclude the right to a change. Changes of judge and changes of venue from the county are provided for in the same statute, and they may be had in any civil action, which, by the statutory definition, means any action for the enforcement or protection of private rights and the redress of private wrongs. See *State ex rel. Wheeler* v. *Leathers, Judge* (1925), 197 Ind. 97, 149 N. E. 900, and cases cited; Watson's Rev. of Works' Practice and Forms, §2." *Johnston* v. *State* (1937), 212 Ind. 375, 378, 8

N. E. 2d 590. See also *State ex rel. Botkin, etc.* v. *Leffler, Judge* (1953), 232 Ind. 541, 114 N. E. 2d 804; *State ex rel. Schumacher* v. *Adams C. C.* (1947), 225 Ind. 200, 73 N. E. 2d 689.

It was error for the trial court to deny the guardian's verified motion for a change of judge.

The alternative writ of mandamus is now made absolute.

Gilkison, C. J., Bobbitt, Levine and Achor, JJ., concur.

NOTE.—Reported in 124 N. E. 2d 379.