308 P.2d 701

Bruce WRAY, Petitioner,

v.

SUPERIOR COURT of the State of Arizona in and for the COUNTY OF GREENLEE, and Porter Murry, Judge of Said Superior Court, Respondents.

No. 6348.

Supreme Court of Arizona.

March 19, 1957.

Snell & Wilmer, Phoenix, for petitioner.

James Boyce Scott, Clifton, Anderson & Smith, Safford, Beer & Seaman, Phoenix, for respondents.

WINDES, Justice.

Three civil actions were filed in the superior court of Greenlee County by separate plaintiffs against Pacific Greyhound Lines, a foreign corporation organized under the laws of the state of California and authorized to do business in the state of Arizona, and the petitioner herein, Bruce Wray. The actions seek damages against the defendants resulting from an accident occurring in Graham county. The defendant corporation has its principal place of business in Phœnix, Maricopa county, with a statutory agent appointed and residing in Greenlee county. The corporation operates its buses through the county of Greenlee and has a commission agent therein. The corporation's co-defendant, petitioner Wray, is a resident of Maricopa county and upon that ground moved in each action for a change of venue thereto. The motions were denied and petitioner seeks a writ of prohibition to prevent the superior court of Greenlee county and the judge thereof from proceeding to try the causes as against him in that county. We issued alternative writ.

The only question presented is whether when suit is properly instituted against a foreign corporation in one county plaintiff may join an individual defendant residing in another county and thereby require the individual defendant to submit to trial in the county outside that of his residence. The answer is dependent upon the proper interpretation of applicable constitutional and statutory provisions.

The only constitutional provision bearing directly upon the subject states:

"Suit may be maintained against a foreign corporation in the county where

an agent of such corporation may be found, or in the county where the cause of action may arise." Arizona constitution, article 14, section 8.

Respondents, the superior court in and for the county of Greenlee and the judge thereof, contend first, that this constitutional provision grants the right to file the suit in respondent county against this foreign corporation and the venue statutes cannot be used to prevent plaintiff from joining a non-resident individual defendant for the reason that to do so would restrict plaintiff's constitutional right. Of course, the legislature could not deprive the plaintiff of this right to sue a foreign corporation where one of its agents may be found but it does not necessarily follow that added thereto is the constitutional right to also sue an individual defendant contrary to the venue statute. Neither does the fact that such corporation may be sued in a certain county necessarily mean that such action must be tried in that county. There is some authority that seems to support respondents' position. Alabama holds that a similar constitutional provision is restrictive. Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510. Oklahoma has indicated a similar view. Tibbett & Pleasant v. Oklahoma State Bank, 119 Okl. 109, 249 P. 149. This latter case is confusing and it is difficult to clearly determine the full effect of the ruling. The reasoning of the Alabama authorities is not impressive. California with a similar constitutional provision rules that when one sues a foreign corporation and joins an individual defendant outside his county of residence, the plaintiff waives any constitutional right he might have had under the provision. Brady v. Times-Mirror Co., 106 Cal. 56, 39 P. 209. We are not favorably impressed with this reasoning. We believe the framers of the constitution by giving the right to sue a corporation where an agent may be found never intended to abolish the application of our venue statute insofar as such corporations are concerned. The purpose of the provision was to prevent foreign corporations from evading the jurisdiction of our courts. Its purpose is to enable jurisdiction to attach but when so attached the foreign corporation and the plaintiff suing such corporation are subject to our venue statutes the same as any other plaintiff or defendant, whether an individual or a corporation. Should we hold that the constitutional right to file a suit in a certain county gives the plaintiff the constitutional right to have the case tried in that county irrespective of the provisions of the venue statutes, much confusion and injustice might result. If such were our ruling, section 12–406, A.R.S.1956, could not over plaintiff's objection be used by any defendant. One of the grounds for change of venue under this section is the existence of great prejudice against a party. Surely it was never intended by this constitutional

provision to require trial in a county where a fair trial could not be obtained. In the early case of Block, Ex parte, 11 Ark. 281, a similar question was presented to the court. Therein, the constitution gave plaintiff the right to file a suit in a county other than that of defendant's residence. Defendant moved for removal to the county of his residence. In ruling that he was entitled to such removal the court stated in very appropriate language:

"The petitioner contends, however, that inasmuch as the plaintiff has a right to select the county in which he may sue, it follows as incident to that selection that he has a right to insist on a trial there. However plausible this may appear, we think that no such right necessarily results from the right to sue in any of the circuit courts of the State. The first right appertains to jurisdiction; the second is intimately connected with the practice of the court after jurisdiction has been required.

"So soon as the plaintiff submitted his case to the court it became subject to the rules of practice prescribed for such court, whether by legislative enactment or otherwise; and if one of these be that, under particular circumstances connected with the due administration of the law, the case should be heard in the circuit court of another county, we are not prepared to say that the constitutional rights of the citizen are thereby impaired."

■ We think this reasoning to be sound and in furtherance of the proper administration of justice. The plaintiffs had the constitutional right to file the suit in Greenlee county with or without joining petitioner herein, but if they choose to join petitioner, the joinder must be subject to whatever statutory rights petitioner might have under the venue statutes. This being so, we must test the action of respondent court by the applicable venue statutes.

■ Respondents argue that even if the constitution does not protect plaintiffs in their right to join an individual defendant resident outside the county, the statute properly construed would allow such joinder. The applicable statute is section 12–401, A.R.S.1956. This section creates the right of an individual defendant to be sued in the county of his residence with certain exceptions setting up conditions under which such person may be sued outside the county of his residence. Exception No. 18 recites that when the defendant is a corporation, it may be sued in any county in which the cause of action arose, or in the county in which the corporation has an agent or representative, or owns property, or conducts any business.

This kind of statute has been construed as merely permissive and not as authorizing

the joinder of a defendant entitled to be sued in his place of residence. State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W.2d 304, 307. In that case the statute provided that suit might be brought against any motor carrier in any county where the cause of action arose or where it maintained an agent. Suit was filed against a carrier in a proper county under this statute and joined an individual defendant residing outside the county. He moved for change of venue to the county of his residence. In deciding that the change should be allowed, the court stated:

"It is a permissive venue statute relating solely to suits brought against motor carriers and contract haulers, as they are defined in the aforesaid act. No contention is made that relator was either. It does not purport to authorize the joinder of relator as a co-defendant in the suit brought by Tucker. Neither does it require suits against motor carriers and contract haulers to be brought under its provisions. Its purpose is to widen the field of venue in suits against motor carriers and contract haulers, if a claimant elects to proceed under it. If, however, a claimant desires to include in such suit a defendant who is not a motor carrier or contract hauler, then he must proceed under the general venue statutes."

The state of Washington had a statute that an insurance company could be sued upon a policy of insurance in any county within the state where the cause of action arose. Suit was filed against an insurance company under this statute joining an individual defendant residing outside the county. He moved for removal to his place of residence. The court said:

"Under the authorities cited, and so far as we are informed there is none to the contrary, we think that the permission to maintain an action against an insurance company in any county in the state where the cause of action arose does not overcome the right of a resident of the state to be sued in the county of his residence." State ex rel. Hoffman v. Superior Court of Franklin County, 168 Wash. 472, 12 P.2d 607, 608.

We adopt the reasoning of these cases as sound and rule that exception 18 merely permits suit against a corporation as provided therein but does not authorize the joinder of a defendant residing outside the county when he makes timely objection.

Exception 7, section 12-401, supra, provides that when there are several defendants, suit may be brought in the county in which any defendant resides. We interpret respondents' argument to be that the corporation is a resident of any county in which it has an agent and is therefore a resident of Greenlee county and petitioner may be joined even though he is not.

We fail to perceive how we can say that under the statute a corporation is a resident of any county in which it has an agent. Exception 18 which authorizes suit in counties where the corporation has an agent is speaking of conditions which authorize suits outside the county of residence. If it is authorizing suits outside the county of residence, we cannot say corporations are residents for venue purposes under this exception 18.

In order to sue petitioner in Greenlee county plaintiffs must necessarily bring him within the bounds of one of the exceptions set forth in section 12–401, supra. The only exception embodied in exception 18 is the right to sue a corporation outside of its place of residence. This is the limit of the exception and should we rule that included within such limit is the right to join an individual defendant residing outside the county, we necessarily enlarge or add to exception 18 a further and additional exception that an individual defendant may be sued outside the county of his residence in all cases when he is joined with a corporate defendant. We do not feel we can expand exception 18 to this extent. The general rule is that courts will not enlarge or add to an express exception. 50 Am.Jur., Statutes, section 434.

It is ordered that a peremptory writ of prohibition issue restraining respondents from further exercising jurisdiction over defendant Wray in said three civil actions other than entering an order transferring said causes and each of them to the superior court of the state of Arizona in and for the county of Maricopa.

UDALL, C. J., and PHELPS, STRUCKMEYER and LA PRADE, JJ., concur.