416 P.2d 1009

Homer A. MASSENGILL and Ruby Massengill, Administrators of the Estate of George B. Platt, II, deceased; Homer A. Massengill and Ruby Massengill, Administrators of the Estate of Billie M. Platt, deceased, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, Honorable Yale McFate, Judge, Yuma County, Travis Yancey, Sheriff of Yuma County, Earl W. Keenum, Respondents.

1 CA–CIV 411.

Court of Appeals of Arizona.
July 27, 1966.

Moore, Romley, Kaplan, Robbins & Green, by Philip A. Robbins, Craig R. Kepner, Phoenix, for petitioners.

Browder & Gillenwater, by Robert W. Browder, Phoenix, for respondents Yuma County, Travis Yancey and Earl W. Keenum.

STEVENS, Chief Judge.

The petitioners are the plaintiffs in a tort action filed in the Superior Court in Maricopa County in relation to an automobile accident which occurred in Yuma County. One of the defendants was served in Maricopa County. Thereafter the defendant Yuma County, and the defendants Travis Yancey as Sheriff of Yuma County, and his Deputy Earl W. Keenum, were served in Yuma County. The defendants Yuma County, the Sheriff and the

Deputy moved for a change of venue to Yuma County. This motion was resisted and upon the conclusion of the presentation, the change of venue was ordered whereupon the petitioners sought a review of the order in this Court by a writ of certiorari. For the purposes of the matter which is before this Court, the facts are not in dispute. Pursuant to Rule 1 of the Rules of the Supreme Court of the State of Arizona, 17 A.R.S., which rules govern the Court of Appeals as more particularly appears in Rule 47 thereof, the petition for the writ of certiorari was presented at an informal hearing. At the conclusion of the hearing the matter of the issuance of a writ was taken under advisement. Rule 47(d) of the Supreme Court Rules contemplates that applications for extraordinary writs can be denied without a formal written decision and in the majority of instances such rulings are accomplished by minute entry orders which are not published in the official reports. In this instance, we deem the matters of sufficient importance to warrant a formal opinion.

The legislative enactments relating to venue matters are set forth in the Arizona Revised Statutes, the pertinent portions thereof being quoted as follows:

"§ 12–401   VENUE (as amended)

No person shall be sued out of the county in which he resides, except:

* * *

"10. When the foundation of the action is a * * * trespass for which an action in damages may lie, the action may be brought in the county in which the * * * trespass was committed or in the county in which the defendant or any of the several defendants reside or may be found, * * *.

"15. Actions against counties shall be brought in the county sued unless there are several counties defendants, when it may be brought in any one of the counties.

"16. Actions against public officers shall be brought in the county in which

the officer, or one of several officers holds his office."

"§ 12–404.

A. If an action is not brought in the proper county, the court shall nevertheless have jurisdiction and may hear and determine the action unless the defendant, before expiration of the time allowed to answer, files with the clerk of the court in which the action is brought an affidavit of the defendant, his agent or attorney, stating that the county in which the action is brought is not the proper county and stating the county of the defendant's residence, and praying that the action be transferred to the proper county."

"§ 12–407.

A. When a change of venue is ordered, the court shall transfer the action to the most convenient adjoining county, unless the parties agree to some other county in which case the action shall be transferred to the county agreed upon.

"B. The clerk shall forthwith transmit the papers and transcript of the proceedings in the action to the clerk of the court to which the venue is changed. * * *"

"§ 12–408.

A. In a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor."

It is urged that Subsection 15 of § 12–401 and § 12–408, subsec. A are in conflict. It is urged that it is useless to transfer this cause from Maricopa County to Yuma County for the reason that the petitioners herein are entitled as a matter of law to a further transfer. It is not necessary that we determine this question and we expressly refrain from ruling upon this contention.

◼ The action before us is transitory. *Pride v. Superior Court*, 87 Ariz. 157, 348 P.2d 924 (1960). As to the defendant who was served in Maricopa County, Maricopa

County was the proper county and that defendant could not successfully seek to have the cause removed to the county of his residence. There are 19 subsections or exceptions set forth in § 12–401, as amended. In these subsections in relation to venue, the permissive "may" is used 11 times and the directive "shall" is used 8 times. While Subsection 16 uses the term "shall" it contains a further exception in relation to those cases wherein the public officials of two different counties are being sued in the same action. Miles v. Wright, 22 Ariz. 73, 194 P. 88 (1920).

■■■■■ There is but one Superior Court in the State of Arizona. Section 1 of Article VI (amended), The Arizona Constitution, A.R.S. Pursuant to § 12–404, the filing of an action in the wrong county is not a fatal jurisdictional defect but is a venue problem which must be raised in a timely manner. Sil-Flo Corporation v. Bowen, 98 Ariz. 77, 402 P.2d 22 (1965). The terms "jurisdiction" and "venue" have vastly different connotations. Sil-Flo Corporation. On the other hand, when a proper request for a change of venue has been made, the cause must be transferred. This principle is established by the case of Wray v. Superior Court, 82 Ariz. 79, 308 P.2d 701 (1957), wherein the trial judge declined to enter an order for a change of venue and the Supreme Court concluded its opinion by stating:

> "It is ordered that a peremptory writ of prohibition issue restraining respondents from further exercising jurisdiction over defendant Wray in said three civil actions other than entering an order transferring said causes * * *."

On the other hand, it is appropriate to inquire as to the propriety of the order and the case of Tribolet v. Fowler, 77 Ariz. 59, 266 P.2d 1088 (1954) is illustrative of the propriety of such inquiry. In Tribolet a case was erroneously removed from Pinal County to Pima County, it was tried in Pima County and on appeal there were nine assignments of error, the first relating to the propriety of the order

of transfer. The Supreme Court held that the cause should not have been transferred and on that basis alone, the Supreme Court concluded its opinion stating:

> "Judgment of the trial court is reversed with directions to remand said cause of action to Pinal County for trial."

■■■■■ It is our opinion that where there are several alternative counties under which the "may" exception could be applicable, the plaintiff is in a position to exercise his option as to the proper county. In Tribolet on Page 63 of the Arizona Reports, 266 P.2d on page 1091, the Supreme Court stated:

> "Section 21–101, A.C.A. 1939 expressly placed venue of this cause of action in Pinal County at the election of plaintiff."

In the case before us, had there had been no timely request for a change of venue, the Superior Court in Maricopa County would have possessed the jurisdiction to try the case. It is further our opinion that as between a "may" exception and a "shall" exception, the latter has the preference notwithstanding the broad language contained in Subsection 10. In our opinion this holding is consistent with Wray.

Upon the issuance of the mandate in this cause, the petition for the writ of certiorari will stand dismissed.

DONOFRIO, J., concurs.

E. R. THURMAN, Superior Court Judge (dissenting):

I regret that I cannot agree with the majority.

In taking the whole picture into consideration I feel that subsection 10 of Section 12–401, A.R.S., as amended, is an exception of necessity.

The opinion of my associates in this case would set up no line of demarcation for the plaintiff would not be prohibited from taking advantage of Section 12–408, subsec. A, A.R.S. since Yuma County is one of the defendants in this case.

We might find ourselves right back in Maricopa County, but subsection 10, stops such a run around.

NOTE: Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Superior Court Judge E. R. THURMAN was called to sit in his stead and participate in the determination of this cause.