438 P.2d 333

Philip ALBINS and Era Jean Albins, husband and wife, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR YAVAPAI COUNTY, and Jack L. Ogg, Judge of said Court, Gilbert A. Gardner, the real party in interest, Respondents.

No. 1 CA–CIV 787.

Court of Appeals of Arizona.

March 11, 1968.

Moore & Moore, by R. C. Moore, Phoenix, for petitioners.

Head, Cline & Head, by, Donald R. Head, Prescott, and Dale A. Head, Phoenix, for for respondents.

STEVENS, Judge.

The petitioners seek a writ of certiorari directing that the Respondent Judge grant their request for a change of venue. The matter came on for informal hearing before this Court on 21 February 1968 and was taken under advisement. The Court directed that the Superior Court for Yavapai County certify the records in said cause to this Court which records have been certified as directed.

The respondent Gardner, the real party in interest, is the plaintiff in a civil action filed in the Superior Court for Yavapai County. The Respondent Judge is the Resident Superior Court Judge for Yavapai County. Gardner is a resident of California. The complaint which he filed was not verified and alleged that the Albins, the defendants in the Superior Court and the petitioners before the Court of Appeals, were residents of Maricopa County and that:

"II

"(O)n or about November, 1965, at the special request of Defendants, Plaintiff performed services on certain lands located in Yavapai County, State of Arizona, in the nature of survey work for the reasonable value of One Thousand Five Hundred and Eighty-nine Dollars ($1,589.00)."

He further alleged sufficient facts to constitute a claim for relief.

By timely affidavit, the Albins requested that the action be transferred to the Superior Court for Maricopa County, the affidavit, among other things, stating:

"III

"That the defendants and each of them are residents of Maricopa County, Arizona and the defendants and each of them have resided in said County during all the times mentioned in plaintiff's complaint and for many years prior to any time mentioned in plaintiff's complaint."

The affidavit was not controverted. No evidence was presented at the hearing in relation to the request for change of venue and the Resident Judge entered the following order:

"Affidavit for change of venue * * * coming on regularly this date, plaintiff appears by Donald R. Head, his counsel; defendants appearing by Robert C. Moore, their counsel.

"Affidavit for change of venue * * * is argued to the Court by respective counsel.

"It is ordered that affidavit for change of venue be denied; * * *"

The procedural aspects before the Court of Appeals are not in question. In Massengill v. Superior Court etc., 3 Ariz.App. 588, 416 P.2d 1009 (1966), this Court stated on page 591 of the Arizona Appeals Reports, 416 P.2d on page 1012:

"* * * when a proper request for a change of venue has been made, the cause must be transferred. This principle is established by the case of Wray v. Superior Court, 82 Ariz. 79, 308 P.2d 701 (1957), * * *"

When a proper request is made and not honored, the issue can be raised by prohibition as in Wray or by certiorari as in Massengill.

A.R.S. § 12–401 relates to the subject of venue in actions filed in the Superior Court. In part, this section reads as follows:

"§ 12–401. Venue

"No person shall be sued out of the county in which he resides, except:

\* \* \* \* \* \*

"4. Persons who have contracted a debt or obligation in one county and thereafter

remove to another county may be sued in either county.

"5. Persons who have contracted in writing to perform an obligation in one county may be sued in such county or where they reside."

\*   \*   \*   \*   \*   \*

[3, 4] The first question involves the meaning of the word "remove" found in subsection 4. Does it mean that the defendants, though not residents of Yavapai County, were physically present in Yavapai County at the time the contract was made and thereafter left Yavapai County or does it mean that the defendants were residents of Yavapai County at the time of the making of the contract and thereafter changed their residence to another county? We hold that the word "remove" has the latter meaning. See Garliner v. Glicken, 23 Misc.2d 170, 196 N.Y.S.2d 784 (1960), and Phillips v. District Court of Hardin County, 252 Iowa 140, 106 N.W.2d 68 (1960).

There is nothing in the record to establish a written contract between Gardner and Albins. The record discloses that if a contract was made it was verbal. It is interesting to note that the statute in relation to venue in contract actions within the jurisdiction of Justice Courts differs materially from the statutes in relation to venue in the Superior Court. In relation to Justice Courts, A.R.S. § 22–202, subsec. D is as follows:

"D. Actions for collection of an account, enforcement of a contract or any other claim, may be brought in the precinct where the account, contract or other claim was made or entered into, or where defendant lives, at the option of plaintiff."

Comparing the language in the two sections, we hold that unless the contract in issue now before us was a written contract, the Albins had the right to be sued in the County of their residence namely, Maricopa County, and having timely raised the issue, the matter must be transferred to Maricopa County.

Upon the issuance of the mandate in this cause, the Respondent Judge will enter an appropriate order transferring the civil action in question from the Superior Court for Yavapai County to the Superior Court for Maricopa County.

CAMERON, C. J., and DONOFRIO, J., concur.