481 P.2d 526

**GAC PROPERTIES, INC. OF ARIZONA, an Arizona corporation, and Allan R. Marshick, on behalf of themselves and all other taxpayers similarly situated, Petitioners,**

v.

**Gordon FARLEY, Judge of the Superior Court, in and for the County of Santa Cruz, and State of Arizona, County of Santa Cruz, Department of Property Valuation, State Board of Property Tax Appeals, County Board of Equalization, Santa Cruz Board of Supervisors, Santa Cruz County Assessor and Santa Cruz County Treasurer, Respondents.**

No. 2 CA–CIV 961.

Court of Appeals of Arizona,
Division 2.

March 4, 1971.

Rehearing Denied March 24, 1971.

Review Denied April 13, 1971.

Stubbs & Stephens, P. C. by Robert C. Stubbs and James C. Stephens, Tucson, for petitioners.

Gary K. Nelson, Atty. Gen., by J. Mercer Johnson, Tucson, Special Counsel for State of Arizona.

E. Leigh Larson, Santa Cruz County Atty., and Karam & Martin by Nasib Karam, Special Counsel for Santa Cruz County, Nogales, for respondent Court and Santa Cruz County.

KRUCKER, Chief Judge.

The petitioners, owners of real property located in Santa Cruz County, paid taxes on this property for the years 1969 and 1970 under protest and then sought to recover the alleged excess thereof via appeal to the superior court and by means of a plenary action filed in superior court. Santa Cruz County was named as a party defendant as were certain officials of Santa Cruz County, the Santa Cruz Board of Supervisors, the County Board of Equalization, the State Board of Property Tax Appeals, and the Department of Property Valuation.

Pursuant to A.R.S. § 12–408, petitioners filed a motion for change of venue. The motion was denied and relief via special action proceedings in this court is sought. The appropriateness of this remedy is not challenged. See Goff v. Superior Courts, 2 Ariz.App. 344, 409 P.2d 60 (1965); Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924 (1960).

A.R.S. § 12–408 provides in part:

"Procedure for change of venue when county is a party

A. In a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor."

The lower court, in denying the petitioners' motion for change of venue, indicated as its reasons therefor that the language of the statutes relative to tax appeals indicated a legislative intent that such appeals be heard only in the county wherein the subject property was located. For example, A.R.S. § 42–146, subsec. A provides for review from the valuation by the State Board of Property Tax Appeals "as provided in this article and not otherwise." A.R.S. § 42–245, subsec. A(1) authorizes an appeal from the valuation of property as fixed by the County Board of Equalization "[t]o the superior court of the county in which the county board holds its sessions * * *." A.R.S. § 42–245.01 provides for an appeal from the valuation by the County Assessor "to the superior court of the county where the property which is subject of the appeal is located * * *." On the other hand, A.R.S. § 42–204, as amended, provides for maintenance of an action to recover taxes illegally collected, without specifying the county in which the action must be brought.

■ Venue is a privilege which permits one in whose favor it runs to have a case tried at a convenient place. Sil-Flo Corporation v. Bowen, 98 Ariz. 77, 402 P. 2d 22 (1965); Brown v. Superior Court, 2 Ariz.App. 434, 409 P.2d 593 (1966). A.R. S. § 12–401(15), as amended, mandates that an action against a single county shall be brought in such county. We are of the opinion that the statutes regulating the procedure for tax appeals are nothing more than specific reiteration of this general venue provision. Statutory provisions for changes of venue are designed to secure to parties fair and impartial trials of

**158**

causes. 56 Am.Jur. Venue § 44; 92 C.J.S. Venue § 128. Although tax appeals may be categorized as special statutory proceedings, such fact does not preclude application of the change of venue statute, A.R.S. § 12–408, since there is no provision to the contrary in the tax appeals statute. State ex rel. Burnheimer v. Noble Circuit Court, 234 Ind. 139, 124 N.E.2d 379 (1955); Johnston v. State, 212 Ind. 375, 8 N.E.2d 590 (1937), reh. den. 212 Ind. 375, 10 N.E. 2d 40 (1937).

■ It is argued by respondents that the later enactment of the tax appeals statutes impliedly repealed A.R.S. § 12–408 as to such proceedings. Repeals by implication are not favored unless it is manifest from inherent repugnancy or inconsistency that the legislature must have intended to repeal the earlier enactment by the later one. Magma Flood Control Dist. v. Palmer, 4 Ariz.App. 137, 418 P.2d 157 (1966); Tryon v. Silverstein, 10 Ariz.App. 25, 455 P.2d 474 (1969). Existing statutes as to venue are not superseded by a subsequent enactment where there is nothing in the later statute indicating such an intent, which must be plainly expressed in the later enactment. See 92 C.J.S. Venue § 5(c). We do not find such intent so plainly expressed in the tax appeals statutes. The mere fact that the appeal must be filed in the county in which the property involved is located does not require that the case be tried there. Magelssen v. Hale, 81 F.Supp. 138 (W.D.Mo.1948).

■ The legislature, in requiring no affidavits in support of a motion for a change of venue when a county is a party to an action, has indulged in a presumption that trial in the very county which is a party to the suit would be unfair to the county's adversary. We have held that when a proper request for a change of venue has been made, the cause *must* be transferred. Massengill v. Superior Court, 3 Ariz.App. 588, 416 P.2d 1009 (1966); Albins v. Superior Court, 7 Ariz.App. 264, 438 P.2d 333 (1968). Where a change of venue is sought pursuant to A.R.S. § 12–

406, requiring the moving party to show cause therefor, change of venue is within the sound discretion of the court. Arizona Water Co. v. City of Yuma, 7 Ariz.App. 53, 436 P.2d 147 (1968). However, under a statute such as A.R.S. § 12–408 which requires no showing other than that a county is an opposing party, there is no discretion vested in the trial court. 56 Am.Jur. Venue § 72; 92 C.J.S. Venue § 135. Under A.R.S. § 12–408, change of venue is mandatory and the petitioners having made proper application to the trial court, were entitled to the granting of their motion.

The petition for relief filed herein is granted, and the trial court is directed to enter an appropriate order granting the request for a change of venue.

HOWARD, J., and ALICE TRUMAN, Judge of the Superior Court, concur.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.