504 P.2d 499

**Mary WALLEN, Petitioner,**

v.

**Joe JACOBSON, Judge of the Superior Court of the State of Arizona In and For the County of Pima, Respondent.**

**No. 2 CA–CIV 1338.**

Court of Appeals of Arizona,
Division 2.
Dec. 27, 1972.

Maricopa County Legal Aid Society, by Ralph J. Blake, Phoenix, for petitioner.

Sullivan, Alley & Seefeldt, P. C., by Gordon T. Alley, Tucson, for respondent.

PER CURIAM.

■ The petitioner is one of several defendants in a pending Pima County Superior Court action for damages arising out of an automobile accident which occurred in Maricopa County. She seeks review of a venue ruling by way of special action, and since appellate intervention is appropriate, we assume jurisdiction. Brown v. Superior Court, 2 Ariz.App. 434, 409 P.2d 593 (1966); Sherrill v. Superior Court, 16 Ariz.App. 425, 493 P.2d 1230 (1972).

The complaint filed below named several individual defendants and one corporate defendant. All were served with process in Maricopa County, the corporate defendant by service of process upon its statutory agent. Petitioner filed a timely motion for change of venue, supported by affidavit, requesting transfer of the action to Maricopa County where she resides. Her motion was denied, apparently for the reason that the corporate defendant had an agent and transacted business in Pima County.

■ It is well settled that when a proper request for a change of venue has been made, transfer is mandatory. GAC Properties, Inc. of Arizona v. Farley, 14 Ariz. App. 156, 481 P.2d 526 (1971); Massengill v. Superior Court, 3 Ariz.App. 588, 416 P.2d 1009 (1966); Sherrill v. Superior Court, supra.

■ We agree with petitioner that the principles enunciated by our Supreme Court in Wray v. Superior Court, 82 Ariz. 79, 308 P.2d 701 (1957), control the case *sub judice*. In *Wray*, the court held that A.R.S. § 12–401, subsec. 18, as amended, permitting suit against a corporation in any county in which the cause of action arose or in the county in which it had an agent, owned property or conducted business, did not authorize the joinder of a defendant residing outside the county when he makes timely objection thereto. We hold, therefore, that denial of petitioner's request was erroneous.

The order denying the motion for change of venue is hereby vacated and the trial court is directed to enter an appropriate order of transfer not inconsistent with this opinion.