928 P.2d 1247

**MOHAVE COUNTY, a political subdivision of the State of Arizona, and Dora Goodmiller, the County Treasurer thereof, Plaintiffs–Appellees,**

v.

**JAMES R. BRATHOVDE FAMILY TRUST, Defendant–Appellant.**

**No. 1 CA–CV 96–0260.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 17, 1996.

William J. Ekstrom, Jr., Mohave County Attorney by Lance B. Payette, Deputy County Attorney, Kingman, for Plaintiffs–Appellees.

Jack H. Simon, Mesa, for Defendant–Appellant.

## OPINION

GRANT, Judge.

This is an appeal from summary judgment in favor of plaintiffs/appellees in a declaratory judgment action. Arizona Revised Statutes Annotated ("A.R.S.") section 42–451(A) as amended in 1994 provides for judicial actions to foreclose real property tax liens to be brought "in superior court in the county in which the real property is located." The issue in this appeal is whether bringing the suit in the county in which the real property is located is a mandatory requirement which renders the judgment of foreclosure a nullity when this requirement has not been met, or whether it is merely a matter of venue that can be waived under applicable Arizona law. We hold that judicial actions to foreclose real property tax liens may be brought in any superior court in the state, even though "proper" venue is in the superior court of the county in which the real property is located.

## FACTS AND PROCEDURAL HISTORY

The facts in this case are undisputed. Appellant, the James R. Brathovde Family Trust (hereinafter "Trust"), acquired a tax lien on a lot in Mohave County. After the requisite period of time passed with no redemption by the property owner, the Trust filed suit to foreclose the tax lien in the Maricopa County Superior Court on February 17, 1995, under Cause No. CV 95–90338, naming the property owner of record as the defendant.

The Trust complied with the notice provisions in A.R.S. section 42–451(B), sending the required notice to both the property owner of record and the Mohave County Treasurer ("Treasurer"). The Trust also personally served the defendant property owner. The defendant did not enter an appearance, and default judgment foreclosing the right of redemption was entered by the Maricopa County Superior Court on May 4, 1995. The judgment directed the Treasurer to issue a treasurer's deed for the property to the Trust.

The Treasurer refused to issue a treasurer's deed and thereafter filed this declaratory judgment action in the Mohave County Superior Court. While the Treasurer did not dispute that the Trust would be entitled to a deed if the foreclosure action had been filed in the Mohave County Superior Court, she does dispute the propriety of the deed issued in Maricopa County. She therefore requested the trial court to declare that the judgment rendered by the Maricopa County Superior Court in this case does not bind Treasurer.

Upon considering cross-motions for summary judgment, the trial court granted judgment for the Treasurer. The trial court found that A.R.S. section 42–451(A) requires that an action to judicially foreclose a real property tax lien must be brought in the superior court of the county in which the real property is located, and not elsewhere. The trial court found that the Treasurer was not bound by the judgment of the Maricopa County Superior Court rendered in CV 95–90338, and thus the Treasurer could properly refuse to issue a treasurer's deed unless and until a judgment was entered by the Mohave County Superior Court in accordance with A.R.S. section 42–451(A). This appeal timely followed.

## DISCUSSION

Arizona law provides that when real property taxes are delinquent, the treasurer of

the county in which the property is located sells the tax lien at a public sale. *See* A.R.S. §§ 42–381–405. The successful bidder receives a certificate of purchase as provided in A.R.S. sections 42–395 and 42–396.

If the lien is not redeemed within "the specified time," the certificate holder may foreclose the right of redemption in two ways, either "judicially" or "administratively." The holder may foreclose judicially through the court system three years after the sale by filing an action pursuant to A.R.S. sections 42–451 through 42–454, thereby obtaining a judgment entitling the holder to a treasurer's deed. The holder may also foreclose "administratively," five years after the sale, by applying directly to the treasurer for a deed pursuant to A.R.S. sections 42–461 through 42–464.

■ This appeal concerns the procedure for judicial foreclosure of tax liens. Specifically, it concerns the meaning of the portion of A.R.S. section 42–451(A), as amended in 1994, which specifies where a tax lien foreclosure suit is to be brought. We review issues of statutory interpretation *de novo*. *Hawkins v. Dep't of Economic Security*, 183 Ariz. 100, 103, 900 P.2d 1236, 1239 (App.1995).

Prior to amendment of section 42–451 in 1994, the statute had provided merely as follows:

At any time after the expiration of three years from the sale of a tax lien, if the lien is not redeemed, the purchaser, his heirs or assigns, or the state if it is the assignee, *may bring an action in a court of competent jurisdiction to foreclose the right to redeem.* The provisions of law and rules of civil procedure relating to civil actions shall control the proceedings, including the right of appeal.

(emphasis added).

The 1994 amendment redesignated the above provision as subsection (A) of A.R.S.

section 42–451. The only change made in the language of what is now subsection (A) was to provide for the bringing of foreclosure suits "in superior court in the county in which the real property is located" instead of "in a court of competent jurisdiction." The rest of the language remains the same, and provides in its entirety as follows:

A. At any time after the expiration of three years from the sale of a tax lien, if the lien is not redeemed, the purchaser, his heirs or assigns, or the state if it is the assignee, *may bring an action in superior court in the county in which the real property is located to foreclose the right to redeem.* The provisions of law and rules of civil procedure relating to civil actions shall control the proceedings, including the right of appeal.

(emphasis added). *See* A.R.S. § 42–451(A) (Supp.1994). The amendment also added subsection (B) which provides certain notice requirements.[1]

A.R.S. section 42–381(B) explains that "[i]nsubstantial failure to comply [with the statutory provisions relating to the selling of tax liens and the foreclosing of the right to redeem] does not affect the validity of ... the sale of a tax lien or the foreclosure of the right to redeem by which tax collection is enforced." As our supreme court has observed about statutes similar to this one, "[m]any legislatures ... including that of Arizona, have passed statutes relaxing the strict requirements of the common law in regard to proof of the validity of tax sales...." *Consolidated Motors, Inc. v. Skousen*, 56 Ariz. 481, 488, 109 P.2d 41, 43 (1941). Our supreme court additionally noted in *Consolidated Motors* that "the modern tendency of the courts is to regard many provisions heretofore considered to be jurisdictional as merely directory." *Id.*

---

1. A.R.S. section 42–451(B) reads as follows:

At least thirty days before filing an action to foreclose the right to redeem under this section, the purchaser shall send notice of intent to file the foreclosure action by certified mail to the property owner of record on the current tax roll and to the treasurer of the county in which the real property is located. The notice shall include:

1. The property owner's name.
2. The real property tax parcel identification number.
3. The legal description of the real property.
4. The certificate of purchase number.
5. The proposed date of filing the action.

*See* A.R.S. § 42–451(B) (Supp.1994).

In this case, we must decide whether the Trust's filing of the action in Maricopa County, rather than in Mohave County—the county in which the property was located—was an "insubstantial failure to comply" with A.R.S. sections 42–451(A) and 42–381(B). In other words, we must decide whether this statutory provision is merely directory rather than mandatory.

The Trust argues that the provision is not mandatory, but that the legislature was merely reiterating the proper venue for the suit and intended that the regular statutory provisions pertaining to venue in civil proceedings apply, including the provision in A.R.S. section 12–404(A) that venue is not jurisdictional and can be waived. The trial court ruled that section 42–451 restricted the jurisdiction of any court other than the branch of the superior court sitting in Mohave County to render judgment. The Treasurer takes a third position, agreeing with the Trust that the provision deals with venue rather than with jurisdiction of the court, but arguing that the legislature intended that there be a "mandatory initial venue" with the result that some of the regular provisions pertaining to venue in civil cases would not apply to these suits.

■ Despite the trial court's holding, we reject the notion that A.R.S. section 42–451(A) restricts the jurisdiction of branches of the superior court sitting in counties where the property is not located from entering judgments foreclosing tax liens. In pointing out the difference between jurisdiction and venue, our supreme court has said that "[j]urisdiction is the power to decide a case on its merits whereas venue relates to the place where the suit may be heard." *Sil–Flo Corp. v. Bowen,* 98 Ariz. 77, 82, 402 P.2d 22, 26 (1965) (citations omitted).

Article 6, Section 13, of the Arizona Constitution specifies that all of the superior courts of the state constitute a single court, and the judgment of any one judge of the superior court shall have the same force and effect as if rendered by any other judge of the court. Article 6, Section 14(2) of the Arizona Constitution provides that the superior court has original jurisdiction of cases involving title to real property. Had the legislature intended

to restrict the jurisdiction of some of the branches of the superior court by A.R.S. section 42–451(A), it would have specifically restricted the court's jurisdiction. *See Daou v. Harris,* 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984) (The court will not infer that the legislature meant to divest the superior court of jurisdiction; the legislature must enunciate such an intent explicitly and clearly.)

A.R.S. section 42–451(A) contains no language to suggest that the legislature intended to restrict the jurisdiction of any of the branches of the superior court. Rather, in providing for suit to be brought "in superior court in the county in which the real property is located," the legislature specified the venue for such actions. We note that the venue specified is analogous to the regular general venue statute for civil cases. *See* A.R.S. section 12–401(12) (Actions to foreclose lien on real property shall be brought in the county in which the real property is located.)

■ The more difficult question is whether, as the Treasurer argues, the legislature was establishing a "mandatory initial venue." In support of its contention, the Treasurer relies principally on some language in two Arizona cases, *GAC Properties, Inc. of Arizona v. Farley,* 14 Ariz.App. 156, 481 P.2d 526 (1971), and *Maricopa County v. Barkley,* 168 Ariz. 234, 812 P.2d 1052 (App.1990), which seem to say that initial filing of suit in the county required by statute is mandatory. The Treasurer also relies on certain rules of statutory construction. To better analyze the Treasurer's arguments, it is necessary to examine relevant statutes and case law pertaining to venue in civil cases.

A.R.S. sections 12–401 through 12–411 set forth the basic rules concerning venue. A.R.S. section 12–401 states that "[n]o person shall be sued out of the county in which such person resides ..." and then lists exceptions describing circumstances when an action either "may" or "shall" be brought in another county. Case law explains that those exceptions, providing that an action "shall" be brought in a particular county, are mandatory venue provisions. Therefore, venue in such actions is "proper" only in that

particular county. Conversely, when an exception provides that an action "may" be brought in a particular county, venue is "proper" in more than one county giving the plaintiff the option to file suit in any of the "proper" counties.[2] *See Zuckernick v. Roylston,* 140 Ariz. 605, 606, 684 P.2d 177, 178 (App.1984).

A.R.S. section 12–404(A) expressly provides, however, that even if an action is not brought in the "proper" county, the court still has jurisdiction to hear and determine the case unless the defendant timely requests to transfer the action to the "proper" county. Under A.R.S. section 12–404(A), "[w]here an action is brought in a county which is improper under section 12–401, and a timely request for change of venue has been made, transfer is mandatory." *Reilly v. Superior Court,* 141 Ariz. 540, 542–43, 687 P.2d 1295, 1297–98 (App.1984). Concomitantly, "a change of venue, even if mandatory when timely requested, can be waived if not asserted in a timely fashion." *Yuma County v. Keddie,* 132 Ariz. 552, 554, 647 P.2d 1150, 1152 (1982). Venue is not jurisdictional, but is a privilege which is personal and can be waived if not asserted. *Id.* at 553, 647 P.2d at 1151 (citing *Sil–Flo Corp. v. Bowen,* 98 Ariz. 77, 402 P.2d 22 (1965)).

In summary, the statutes discussed above address the concept of initial "proper" venue, also referred to as "mandatory" venue, where only one county is "proper." However, the statutes also provide that the failure to bring the action in a "proper" county is not jurisdictional. The defendant is only entitled to a mandatory transfer to the "proper" county, upon a timely request. Thus, nothing in the statutes supports a concept of "mandatory initial venue," rendering a judgment obtained in an "improper" county a nullity.

In addition to discussing statutes concerning initial "proper" venue, we must also discuss two other statutes pertaining to "change of venue." A.R.S. section 12–406 gives the trial court discretion to transfer a case to another county when a party demonstrates

good cause as described in that statute. Additionally, A.R.S. section 12–408(A) provides:

> In a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor.

Because of these kinds of provisions allowing "change of venue," the "proper" venue is sometimes also referred to as "initial" venue. Therefore, we now examine the *GAC* and *Barkley* cases cited by the Treasurer. In *GAC,* we reviewed whether granting a change of venue pursuant to A.R.S. section 12–408 was appropriate in tax appeal litigation where applicable statutes provided for an appeal to the superior court in the county where the property was located. We concluded that the tax appeal statutes simply reiterated the regular venue provisions set forth in A.R.S. section 12–401. We therefore held that A.R.S. section 12–408 applied to tax appeals. We also rejected an argument that the later enactment of the tax appeals statutes impliedly repealed A.R.S. section 12–408 as to such proceedings, stating: "[e]xisting statutes as to venue are not superseded by a subsequent enactment where there is nothing in the later statute indicating such an intent, which must be plainly expressed in the later enactment." *GAC,* 14 Ariz.App. at 158, 481 P.2d at 528 (citation omitted).

In *GAC,* we then noted that "[t]he mere fact that the appeal must be filed in the county in which the property involved is located does not require that the case be tried there." *Id.* The Treasurer maintains that this language held that the initial filing in the proper county was mandatory. While we agree that is what *GAC* appears to hold, the sentence quoted is dictum because the claim was initially filed in the proper county. We thus stated that the county in which the property was located was the "proper" place to file the appeal, rather than the "mandatory" place to file. Moreover, our statement about the regular venue statutes applying to the tax appeal cases, A.R.S. section 12–

---

**2.** We point out that the legislature's use of the words "may bring an action" in A.R.S. section 42–451(A) refers to the permissive nature of the tax lien foreclosure suit and not to the choice of venue for the action. *See, e.g., Maricopa County v. Barkley,* 168 Ariz. 234, 238, 812 P.2d 1052, 1056 n. 1 (App.1990).

404(A), which provides that bringing suit in the proper county is not mandatory, must also apply.

In *Barkley,* we addressed the same issue as in *GAC,* but dealt with a condemnation statute, A.R.S. section 12–1116. The statute stated in relevant part that "[a]ll actions for condemnation shall be brought as other civil actions in the superior court of the county in which the property is located." We considered whether A.R.S. section 12–408 applied to the condemnation statute. Additionally, we determined in *Barkley* that the language in the statute providing that condemnation actions "shall be brought as other civil actions" was further indication that the change of venue statute applicable in civil actions was meant to apply to the condemnation action.

In *Barkley,* we appeared to hold that initially filing the action in the selected venue is mandatory, stating:

The ability to change venue suggests that the language "shall be brought" means that while the action must be *initiated* in the selected venue, it need not be maintained permanently there.

168 Ariz. at 238, 812 P.2d at 1056. This language is dictum because, as in *GAC,* the issue did not involve the initial filing of suit in the proper county. Rather, the issue was whether venue could be changed. The reasoning applied in *GAC* and *Barkley* mandates that all the regular venue statutes apply, including A.R.S. section 12–404(A)'s provision that venue can be waived.

We now turn our attention back to A.R.S. section 42–451(A). This statute affirmatively provides that venue statutes apply, stating that "[t]he provisions of law and rules of civil procedure relating to civil actions shall control the proceedings...." Applying all of the venue statutes, including A.R.S. section 12–404(A), to tax lien foreclosure suits, we hold that failure to initially file in Mohave County does not nullify the judgment entered by the Maricopa County Superior Court.

The Treasurer's other arguments concerning statutory interpretations are not persuasive. The Treasurer points to the rule of statutory construction which provides that when the legislature modifies the language of a statute, there is a presumption that a change in existing law is intended. *See State v. Averyt,* 179 Ariz. 123, 876 P.2d 1158 (App. 1994), *cert. denied, Arizona v. Averyt,* —— U.S. ——, 115 S.Ct. 1402, 131 L.Ed.2d 289 (1995). As previously stated, venue under former A.R.S. section 42–451(A) is the same as venue under the amended statute. Although the former statute merely provided for suit to be brought in a court of competent jurisdiction, A.R.S. section 12–401(12) provided that suit be filed in the county where the property is located. Therefore, the Treasurer argues that the legislature would not have modified the statute unless the new provision is interpreted to provide for "mandatory initial venue."

We disagree that our interpretation of A.R.S. section 42–451(A) renders the modification futile. Under the former statute, a person had to examine the general venue statute, A.R.S. section 12–401, to determine which venue provision applied. By putting the venue provision in the tax lien foreclosure statute, the modification enables a reader to readily determine venue without consulting the general venue statute. Therefore, the modification serves a valid purpose.

Another rule of statutory construction provides that every part of the statute is to be given meaning so that no part is rendered superfluous, void, contradictory or insignificant. *Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991). When the legislature modified the statute, it did not delete the portion of the statute providing that the laws and rules of civil procedure control the tax lien foreclosure proceedings. Therefore, the Treasurer's interpretation would render this language meaningless or contradictory.

The Treasurer also argues that the amendment providing for notice to the treasurer of the home county of the real property evinces a legislative intent to enable a county treasurer to intervene in tax lien foreclosure suits. The Treasurer argues that, because the statute requires only that notice of intent to file suit be given without requiring the

notice to specify where the suit would be filed, the legislature meant for the suit to be filed only in the county in which the real property is located. We disagree. Nothing in the statute indicates the legislature's concern that the treasurer of the county in which the real property is located be able to intervene in tax lien foreclosure suits. Had that been a concern of the legislature, the legislature would have expressly stated so. Moreover, the language of A.R.S. section 42–451(B), requiring notice of intent to file suit, does not support the Treasurer's argument that the legislature intended to specify a "mandatory initial venue" for tax lien foreclosure suits.

## CONCLUSION

For the reasons explained in this opinion, we conclude that the trial court erred in entering summary judgment for the Treasurer. The language in A.R.S. section 42–451(A), providing that actions to foreclose real property tax liens be brought "in superior court in the county in which the real property is located," merely reiterates the "proper" venue for such an action, and does not specify "mandatory" venue. A.R.S. section 12–404(A) applies to tax lien foreclosure actions brought pursuant to A.R.S. section 42–451(A). Thus, the Maricopa County Superior Court had jurisdiction to hear and determine this case, even though venue was "proper" in Mohave County. This case is reversed and remanded to the trial court for entry of judgment in favor of the Trust declaring that (1) the Mohave County Treasurer is bound by the judgment rendered by the Maricopa County Superior Court in CV 95–90338, and (2) the Treasurer must issue a treasurer's deed to the Trust pursuant to that judgment.

THOMPSON, P.J., and KLEINSCHMIDT, J., concur.