**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEMETRIUS ANTWAN WILSON,

Plaintiff-Appellant,

v.

JEFFREY ALVAREZ, Medical Director; et al.,

Defendants-Appellees.

No.   16-17151

D.C. No. 2:16-cv-02096-JAT-DMF

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Demetrius Antwan Wilson appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations related to his medical needs in county jail.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Wilson's claims against Maricopa County Correctional Health Services, Maricopa County Jail, Maricopa County hospital, and Maricopa County, because Wilson failed to allege facts sufficient to show that a policy or custom of the county caused him to suffer constitutional injury. *See Sadoski v. Mosley*, 435 F.3d 1076, 1079-80 (9th Cir. 2006) (pleading requirements for a liability claim against a county under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)).

The district court properly dismissed Wilson's claim against the Superior Court of Maricopa County as barred by the Eleventh Amendment. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (suit against superior court was suit against the state, which was barred by Eleventh Amendment immunity); *Massengill v. Superior Court In & For Maricopa Cty.*, 3 Ariz. App. 588, 591 (1966) ("There is but one Superior Court in the State of Arizona") (citing Ariz. Const. art. 6, § 1)).

The district court properly dismissed Wilson's claims against Maricopa County judges Mahoney and Mroz, and attorneys Flaggman, Mack, Leiter, and

Mundell, on the basis of judicial and prosecutorial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are immune from suit for acts performed in their official capacity); *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (government attorneys are entitled to immunity for acts intimately associated with the judicial phase of the litigation).

The district court properly dismissed Wilson's claims against Provider Balaji, Jane Doe, Medical Director Alvarez, Lieutenant Karas, and Provider Phillip, because under any applicable standard, Wilson failed to allege facts sufficient to show that these defendants knew of and disregarded an excessive risk to Wilson's health and safety. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) ("A prison official acts with deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety"; neither a difference of opinion concerning the course of treatment nor mere negligence in treating a medical condition amounts to deliberate indifference); *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (pretrial detainee's claim of medical deliberate indifference is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *cf. Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

16-17151

Dismissal of Wilson's claims against Provider Pam and the Special Response Team was proper because Wilson failed to allege facts sufficient to show deliberate indifference or an unreasonable seizure. *See Toguchi*, 391 F.3d at 1057; *Thompson v. Souza*, 111 F.3d 694, 699 (9th Cir. 1997).

The district court did not abuse its discretion by dismissing Wilson's claims against Nurse Paula, Provider Barker, and Detention Officer B8902 as duplicative. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (setting forth standard of review and explaining that "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant" (citation and internal quotation marks omitted)); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint that merely repeats pending or previously litigated claims." (citation and internal quotation marks omitted)).

The district court properly dismissed Wilson's due process claim against Officer B8902 and Sergeant Sanchez because Wilson failed to allege facts sufficient to show a protected liberty interest. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure" (citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988)).

16-17151

Dismissal of Wilson's claims against Detention Officer B2912 was proper because Wilson failed to allege facts sufficient to show the infliction of severe psychological pain or deliberate indifference. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (allegation that prison guard entered cell while prisoner was on the toilet and rubbed his thigh did not rise to the level of severe psychological pain required to state an Eighth Amendment claim); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) ("A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Wilson leave to amend his complaint. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (setting forth standard of review and explaining that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

**AFFIRMED.**

16-17151